John E. Ryan (JR3935)
Ryan Brennan & Donnelly, LLP
*Attorneys for Defendant*
Village of East Rockaway
131 Tulip Avenue
Floral Park, NY  11001
(516) 328-1100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| APTIVE ENVIRONMENTAL, LLC, | § § | |
|  | § | Civil Action No.: 19-3365 |
| Plaintiff, | § § | |
| -against- | § § | |
| VILLAGE OF EAST ROCKAWAY, NEW YORK, | § § | |
| Defendant. | § | |

**DEFENDANT VILLAGE OF EAST ROCKAWAY NEW YORK'S
MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Floral Park, New York
February 20, 2020

RYAN BRENNAN & DONNELLY, LLP
*Attorneys for Defendant*
Village of East Rockaway
131 Tulip Avenue
Floral Park, New York  11001
516-328-1100

1

## **PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in support of Defendant VILLAGE OF EAST ROCKAWAY NEW YORK's ("VILLAGE") motion for summary judgment dismissing Plaintiff's Second Amended Verified Complaint.

As set forth below, the VILLAGE's $200.00 solicitation licensing fee is reasonable in terms of the costs that will be incurred by the VILLAGE to conduct criminal background checks, process the application, maintain its "no-knock" list and the enforcement of Chapter 171 of the Village Code.

# **ARGUMENT**

### **THE VILLAGE'S SOLICITATION FEE**
### **IS CONSTITUTIONAL**

As recently amended, the VILLAGE'S Code establishes a $200.00 fee for a commercial solicitation license.

The Code states:

> This fee will be applied to:
> a) processing costs
> b) criminal background checks;
> c) maintenance of the "no-knock" list; and
> d) enforcement of the provisions of this Chapter of the Code

Village Code § 171-3 (as amended January 13, 2020).

As set forth in the accompanying Affidavit of JOHN E. RYAN, sworn to February 20, 2020, the costs associated with each category listed above, including the approximate time charges for the VILLAGE Clerk and Superintendent of Buildings, exceed the $200.00 fee amount.

In fact, the VILLAGE's amended ordinance, including the $200.00 fee, is a mirror image of the ordinance adopted by the Incorporated Village of Floral Park, which resulted in the voluntary discontinuance of Plaintiff's identical lawsuit against that municipality, which discontinuance was so-ordered by Judge Bianco. See *Aptive Environmental, LLC v. Village of Floral Park*, 18-CV-4690, Docket No. 27.

In *Kwong v. Bloomberg*, 723 F.3d 160 (2d Cir. 2013), a history of the Supreme Court's "fee jurisprudence" was summarized as follows:

> "In the First Amendment context, the Supreme Court has held that governmental entities may impose licensing fees relating to the exercise of constitutional rights when the fees are designed "to meet the expense incident to the administration of the [licensing statute] and to

3

> the maintenance of public order in the matter licensed." *Cox v. New Hampshire*, 312 U.S. 569, 577, 61 S. Ct. 762, 85 L. Ed. 1049 (1941) (quotation marks omitted). Put another way, imposing fees on the exercise of constitutional rights is permissible when the fees are designed to defray (and do not exceed) the administrative costs of regulating the protected activity. *E. Conn. Citizens Action Grp. v. Powers*, 723 F.2d 1050 [*166] (2d Cir. 1983) ("Licensing fees used to defray administrative expenses are permissible, but only to the extent necessary for that purpose.") see *Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 370 (5th Cir. 2010); [**16] *Nat'l Awareness Found v. Abrams*, 50 f.3D 1159, 1165 (2D Cir. 1995) (Thus, fees that serve not as revenue taxes, but rather as means to meet the expenses incident to the administration of a regulation and to the maintenance of public order in the matter regulated are constitutionally permissible.") see also, *Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 259-61 (2d Cir. 2013) (upholding a toll bridge fee as "constitutional[ly] permissib[le]" in the "right to travel" context); *cf. Murdock v. Pennsylvania*, 319 U.S. 105, 113-14, 63 S. Ct. 870, 87 L. Ed. 1292 (1943) (striking down a license tax that was "not a nominal fee imposed as a regulatory measure to defray the expenses of policing the activities in question").

723 F.3d at 165 – 166; see also, <u>National Awareness Found v. Abrams,</u> 50 f.3D 1159, 1165 (2d Cir. 1995) ("fees to meet expenses incident to administration of a regulation and ... maintenance of public order [including enforcement costs] ... constitutionally permissible."

The $200.00 fee imposed by § 171 of the VILLAGE's Code fits well within these constitutional parameters.

A court "shall dismiss a case at any time it determines that "the complaint or amended complaint" is "frivolous or malicious [or] fails to state a claim upon which relief may be granted ... " See <u>Livingston v. Adirondack Beverage Co.,</u> 141 F. 3d 434, 437 (2nd Cir. 1988). A claim is frivolous when it "lacks an arguable basis in either law or in fact." <u>Neitzke v. Williams,</u> 490 U.S. 319, 324-25 (1989). A "finding of factual frivolousness is appropriate when the facts alleged

4

rise to the level of the irrational or wholly incredible." *Denton v. Hernandez,* 504 U.S. 20, 32-33 (1992); see also, *Livingston v. Adirondack Beverage, Co., supra, 141 F.3d at 437.*

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the VILLAGE's motion be granted and Plaintiff's Second Amended Verified Complaint be dismissed, together with costs, attorneys' fees and such other relief as this Court deems appropriate.

DATED:   Floral Park, New York
         February 20, 2020

Respectfully submitted,

RYAN, BRENNAN & DONELLY, LLP

_____
John E. Ryan

(JR3935)

*Attorneys for Defendant*
**Village of East Rockaway**
**131 Tulip Avenue**
**Floral Park, NY  11001**
**(516) 328-1100**