UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| APTIVE ENVIRONMENTAL, LLC, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | |
| VILLAGE OF EAST ROCKAWAY, NEW YORK, | | No. 2:19-cv-03365-SJF-SIL |
| Defendant. | | |

## PLAINTIFF'S L.R. 56.1 COUNTERSTATEMENT OF DEFENDANT'S MATERIAL FACTS

Plaintiff Aptive Environmental, LLC ("Plaintiff" or "Aptive") submits this Counterstatement of Material Facts under L.R. 56.1.

### A. Defendant Did Not File a L.R. 56.1 Statement of Material Facts

Defendant, the Village of East Rockaway, New York ("Defendant" or the "Village") has not filed a Statement of Material Facts in support of its Motion for Summary Judgment. The Court may properly deny Defendant's Motion on this basis, for failure to show an absence of genuine issue of material fact. Under the Court's local rules, "only those assertions in the parties' statements pursuant to Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1") that are properly supported pursuant to Rule 56(c) of the Federal Rules of Civil Procedure are considered by the Court." *Imperium Ins. Co. v. Am. W. Home Ins. Co.*, No. 15-CV-5471(SJF)(SIL), 2018 WL 5298430, at *1 (E.D.N.Y. Aug. 8, 2018) (J. Feuerstein) (citing Local Civil Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement

controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."); *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015) ("[I]f a party fails to properly support a statement by an adequate citation to the record, the Court may properly disregard that assertion."); *F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 343, n.2 (E.D.N.Y. 2014) ("Statements without citation to evidence may be properly ignored by the court."); *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 322 (S.D.N.Y. 2010) ("Where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion." (quotations, alterations and citation omitted)).

## B. Plaintiff's Counterstatement of Material Facts Appearing in Defendant's Motion, Affidavit, and Memorandum

Despite not filing a Statement of Material Facts, Defendant seeks to rely on material factual assertions in support of summary judgment, provided in an attorney affidavit and memorandum of law. Plaintiff therefore responds to these assertions in numbered paragraphs, with citations to the location of each material factual assertion in Defendant's filings.

1. Defendant asserts "With respect to the "criminal background check" component of the fee, private investigators that I have utilized in the past charge at least one hundred ($100.00) for such a service." Def.'s Mot. SJ Aff., ¶ 7.

    Plaintiff's Response: Plaintiff objects to admission of Defendant's attorney statement on the fees of private investigators used by Defendant's attorney in the past. Plaintiff requested this specific information in Interrogatory No. 3, which asked Defendant to "Identify every background check service and private investigator service, and the fees charged by each for an individual background check, that were considered by the Village in determining the

$200 Fee amount." Ex. B,[1] at 4 (Interrogatory 3). The Village responded to Interrogatory No. 3: "Other than the work product of the Village Attorney, none." Ex. C, at 2 (Response to Interrogatory 3).

The Village did not provide the factual material in ¶ 7 of the Affidavit during discovery, despite being asked for it. The Village cannot introduce this material now, in an attorney affidavit never produced to Plaintiff. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The intention of this preclusionary measure is to prevent the practice of 'sandbagging' an opposing party with new evidence, and it applies on motions for summary judgment." *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 (LAP), 2015 WL 5333513, at *4 (S.D.N.Y. Sept. 14, 2015); *see also Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254 (S.D.N.Y. 2016) (exhibits appended to witness declaration that had not been produced to defendant during discovery would not be considered on motion for summary judgment).

2.   Defendant asserts "Indeed, Plaintiff has conceded that criminal background checks range from $100 to $125 on Long Island. See Declaration of Pierson 'Pierse' Baldwin, Docket 40-1 at 19, p.870." Def.'s Mot. SJ Aff. ¶ 7.

Plaintiff's Response: Plaintiff has **not** conceded that criminal background checks range from $100 to $125 on Long Island. Plaintiff's Branch Manager declared, under oath, that Plaintiff performs a background check for, at most, $50. Doc. 44-7, at 3 (¶ 5). Mr. Baldwin further testified that he has observed background check fees as low as $25 per solicitor

---

[1] As used herein, Ex. A, Ex. B and Ex. C refer to the exhibits in the Declaration in support of Plaintiff's Cross-Motion for Summary Judgment.

license application. Doc. 44-7, at 3 (¶ 8). He further testified any background check fees of $100 or higher typically involved fingerprinting, and that for background checks alone, he did not recall a fee higher than $100 per license application." Doc. 44-7, at 3 (¶ 8). The Village's Ordinance does not contain any fingerprinting requirement. *See* Doc. 44-6 (§ 171-4). The Village has conceded that it is unaware of any documents or communications that would show the village's procedure for conducting a criminal background check. Ex. A, Village Dep. 76:2-5, 78:16-20. The Village further conceded that there hasn't been any background check done for solicitor licenses in the past three years. Ex. A, Village Dep. 27:2-10. And the Village also concedes it has not "taken estimates from different background check companies about what the cost is" and "doesn't currently have any evidence to support its view that a background check costs a hundred dollars per applicant." Ex. A, Village Dep. 118:14-119:19.

3. Defendant asserts "As a matter of public record, and as Plaintiff has confirmed through discovery including the recent deposition of the VILLAGE Clerk, her salary with benefits, is $123,000.00 annually. The Superintendent of Buildings, who is responsible for Code enforcement, has an annual salary with benefits of $121,000.00. These annual salaries equate to an hourly rate of pay equal to about $65.00. If the VILLAGE Clerk and Superintendent of Buildings were to expend up to an hour each with respect to the processing of a license application, maintenance of the 'no-knock' list and enforcement, the VILLAGE's expense for the fee would be an additional $130.00." Def.'s Mot. SJ Aff. ¶¶ 8-9.

<u>Plaintiff's Response</u>: Plaintiff objects to admission of the Village's speculative number of hours purportedly involved in "processing of a license application, maintenance of the 'no-knock' list and enforcement." Plaintiff requested this specific information in Interrogatory No. 4, which

asked Defendant to "Describe in detail each step involved in the Village Clerk's processing of and decision to approve or deny a solicitor license application." Ex. B, at 5 (Interrogatory 4). The Village responded to Interrogatory No. 4: "The Village Clerk has not yet approved or denied a solicitation license application under the amended Code." Ex. C, at 2. And the Village has already testified that it does not know the amount of time it would take to issue a solicitor license, because it has not yet issued any licenses. Ex. A, Village Dep. 28:20-29:9.

The Village did not provide this factual material in discovery, despite being asked for it. The Village cannot introduce this material now, in an attorney affidavit never produced to Plaintiff concerning the number of hours and tasks involved in processing of a license application, maintenance of the "no-knock" list and enforcement. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The intention of this preclusionary measure is to prevent the practice of 'sandbagging' an opposing party with new evidence, and it applies on motions for summary judgment." *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 (LAP), 2015 WL 5333513, at *4 (S.D.N.Y. Sept. 14, 2015); *see also Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254 (S.D.N.Y. 2016) (exhibits appended to witness declaration that had not been produced to defendant during discovery would not be considered on motion for summary judgment).

4.    Defendant asserts "the costs associated with each category listed above, including the approximate time charges for the VILLAGE Clerk and Superintendent of Buildings, exceed the $200 fee amount." Def.'s Mem. SJ, at 3.

<u>Plaintiff's Response</u>: No evidence in the record establishes that the costs associated with each category exceed the $200 fee amount. The Village has admitted that it has no way to know the cost it will incur to issue a solicitor license because it has never issued such a license, and therefore any costs it has provided during discovery are only approximations. Ex. A, Village Dep. 113:10-21; 135:2-15; *see also id.* 43:3-12 (Village concedes no way to know cost to issue a solicitor license because Village has never issued one); *id.* 106:13-24 ("seventy-five dollar" enforcement cost estimate not made by Village Clerk; Village Clerk not consulted in making that approximation); *id.* 45:5-46:10 (Village has no knowledge of enforcement costs from 2017-2019 and conceded amount "could be zero").

Nor has the Village pointed to any specific portions of the summary judgment record establishing the legitimacy of these category cost estimates. The Court should therefore disregard them. *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015) ("[I]f a party fails to properly support a statement by an adequate citation to the record, the Court may properly disregard that assertion."); *F.D.I.C. v. Hodge*, 50 F. Supp. 3d 327, 343, n. 2 (E.D.N.Y. 2014) ("Statements without citation to evidence may be properly ignored by the court."); *Kaur v. New York City Health & Hosps. Corp.*, 688 F. Supp. 2d 317, 322 (S.D.N.Y. 2010) ("Where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion."); *Imperium Ins. Co. v. Am. W. Home Ins. Co.*, No. 15-CV-5471(SJF)(SIL), 2018 WL 5298430, at *1 (E.D.N.Y. Aug. 8, 2018) (J. Feuerstein).

## PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS

In the interest of brevity, Plaintiff respectfully refers the Court to, and incorporates herein the entirety of its L.R. 56.1 Statement of Material Facts set forth in support of its Cross-Motion for Summary Judgment.

Dated: March 31, 2020

Respectfully submitted,

Daniel E. DeCicco, Esq.
DARGER ERRANTE YAVITZ & BLAU LLP
116 East 27th Street at Park Avenue
New York, NY 10016
(212) 452-5300

/s/ Kent D. Krabill
Kent D. Krabill, admitted *pro hac vice*
Texas Bar No. 24060115
kkrabill@lynnllp.com
Samuel Clinton Cowan, admitted *pro hac vice*
Texas Bar No. 24109760
ccowan@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800

**Attorneys for Plaintiff**
**Aptive Environmental, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, a true and correct copy of the above and foregoing was served on all counsel of record via email, and a cover letter filed on ECF, in compliance with Individual Rule 4(B).

/s/ Kent D. Krabill
Kent D. Krabill