EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| APTIVE ENVIRONMENTAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| VILLAGE OF EAST ROCKAWAY, | § | No. 2:19-cv-03365-SJF-SIL |
| NEW YORK, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT, THE VILLAGE OF EAST ROCKAWAY, NEW YORK

---

TO:    Defendant, Village of East Rockaway, New York, by and through its counsel of record, John E. Ryan, Esq., RYAN, BRENNAN & DONNELLY LLP, 131 Tulip Avenue, Floral Park, New York, 11001

Plaintiff Aptive Environmental, LLC ("Aptive") serves this First Set of Discovery Requests as authorized by the Federal Rules of Civil Procedure. In accordance with Rule 33, each interrogatory must be answered separately and fully in writing and under oath within 30 days of service. In accordance with Rules 34 and 36, please respond to each request for production or request for admission within 30 days of service.

## DEFINITIONS

As used herein, the following terms shall have the meanings indicated below. In each case, you will be charged with addressing all the elements or questions included in such defined words.

1.    The term **"East Rockaway," "Village," "You" or "Your"** means Defendant, the Village of East Rockaway, New York, and any of its subdivisions, affiliates, or constituent parts, and it includes its past and present agents, employees, and representatives, as well as all individuals and entities who act, have acted, purport to act, or have purported to act on behalf of East Rockaway.

---

2.      The term **"Aptive"** or **"Plaintiff"** means Plaintiff Aptive Environmental, LLC, and it includes its past and present agents, employees, and representatives, as well as all individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Aptive.

3.      The term **"Fee"** refers to the $200 solicitation license fee referenced in §§ 171-3 and 171-5(A) of Chapter 171 of the Village Code, as amended by Local Law No. 7 of the year 2019 (attached hereto as **Exhibit A**).

4.      The term **"document"** has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes the original and each non-identical copy of any written, printed, typed, filmed, recorded (electronically or otherwise), or other graphic matter of any kind or description, photographic matter, sound recordings, or reproductions, however produced or reproduced, whether draft or final, as well as any summarization, compilation, or index of any documents.  The term "document" includes, but is not limited to, letters, memoranda, reports, evaluations, x-rays, work records, studies, analysis, tabulations, graphs, logs, work sheets, work papers, medical records, correspondence, photographs, videotapes, films, slides, negatives, summaries, files, records, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.  Any electronically stored documents shall be produced in their native format and shall include any metadata or other data tags.

5.      The term **"person"** refers to any individual, corporation, general partnership, limited partnership, joint venture, association, joint-stock company, trust, incorporated organization, government, or political subdivision thereof, and any other non-natural person of whatever nature.

6.      The term **"all"** includes and encompasses **"any."** The term "any" includes and encompasses "all."

7.      The word **"and"** and the word **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

8.      The term **"communication,"** or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or is attempted to be transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mails, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.  Any electronically stored communications shall be produced in their native format and shall include any metadata or other data tags.

9.      The phrases **"relate to,"** **"concerning,"** and **"refer to"** or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in

respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

10.     Any reference to an individual person, either singularly or as part of a defined group, includes that person's past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such individual person.

11.     Any reference to a non-natural person includes that person's past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of such non-natural person.

12.     The singular includes the plural and vice versa.

## INSTRUCTIONS

In responding to any of the discovery requests hereinafter set forth, you are instructed as follows:

1.     Please restate each request for admission, interrogatory and request for production before each response. Please give separate responses to each interrogatory or request. If you believe any question is ambiguous, rather than simply stating an objection, counsel for the Village should contact counsel for Plaintiff to attempt to clarify the request.

2.     If you claim a privilege to any response to any interrogatory or request, please identify the nature of the privilege, and provide a privilege log stating the name, current address and present telephone number of each person to whom any privileged communication may have been made, the date, location and circumstances of each privileged communication, and identify any documents or exhibits which may reflect any privileged communication by type of document author, recipient, date and content. Also, identify by name and current address any and all persons having custody or control of the original document or any legible copies thereof.

3.     Your answers to the interrogatories contained herein must be verified, dated, and signed.

4.     Unless otherwise stated, the time-period for these discovery requests is January 1, 2018 through the present.

5.     Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, their attorneys.

6.     "Identify" and "identification" when used in reference to an individual person,

means to state their full name, title, and present business or organizational affiliation, including address and telephone number and relationship to you. "Identify" and "identification" when used in reference to an entity other than an individual person, means to state the full name, address, and telephone number of the entity, corporation, organization, partnership, or other appropriate designation. "Identify" and "identification" when used in reference to a document, means to state the date, author (or if different, the signor or signors), addressee, type of document (e.g., letter, memorandum, record, e-mail or other communication, chart, etc.). If any such document was, but is no longer in Defendant's possession or subject to Defendant's control, state what disposition was made of it and the reason for such disposition. In lieu of identifying any document, a true and correct copy thereof may be produced with and incorporated in your answers to the within interrogatories.

7.      "Describe" means to give a full account in words of the person, document, or event including all the relevant characteristics, qualities, and circumstances.

8.      These discovery requests are continuing in character so as to require you to file supplementary answers and responses if you obtain further or different information before trial.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**:

Identify all documents, witness statements, studies, analyses, data, accounting reports, legislative findings, police reports, Village Clerk memoranda, or other information of any kind upon which the Village relied or which it consulted to determine the $200 Fee amount.

### **INTERROGATORY NO. 2**:

Identify each Village employee, Village representative, Village official, or third party involved or consulted by the Village in determining the $200 Fee amount, providing the contact information of each.

### **INTERROGATORY NO. 3**:

Identify every background check service and private investigator service, and the fees charged by each for an individual background check, that were considered by the Village in determining the $200 Fee amount.

---

**INTERROGATORY NO. 4**:

Describe in detail each step involved in the Village Clerk's processing of and decision to approve or deny a solicitor license application.

**INTERROGATORY NO. 5**:

Identify each expense incurred by the Village in processing, investigating, and denying a solicitor license application, listing the approximate dollar amount of each.

**INTERROGATORY NO. 6**:

Identify each expense incurred by the Village in processing, investigating, and approving a solicitor license application, listing the approximate dollar amount of each.

**INTERROGATORY NO. 7**:

Describe in detail each difference between the current version of Village Code Chapter 171 and the current version of Chapter 47 of the Village Code of Floral Park, New York.

**INTERROGATORY NO. 8**:

Identify any calls to the East Rockaway or Town of Hempstead Police Department for service in response to door-to-door solicitation in East Rockaway, including (1) the date and time of the call; (2) whether the call resulted in any action taken by the police; and (3) the nature of any action taken by the police (e.g., arrest, citation, etc.).

**INTERROGATORY NO. 9**:

Describe in detail the process undertaken by the Village in drafting and amending Chapter 171 of the Village Code in 2019. Include in your answer each person involved in the drafting and amendment process, as well as a description of his/her involvement.

## REQUESTS FOR PRODUCTION

1.      All documents and communications reflecting any research, studies, investigations, analysis, accounting reports, memoranda, or other data related to the processing costs incurred by the Village in licensing solicitors.

2.      All documents and communications reflecting any research, studies, investigations, analysis, or accounting reports, memoranda, or other data related to the costs incurred by the Village in enforcing Chapter 171 of the Village Code.

3.      Documents and communications sufficient to show the Village's procedure for conducting criminal history or background checks on applicants for solicitor licenses.

4.      All documents and communications relating to the Village Clerk's procedures for processing and investigating applications for solicitor licenses.

5.      All documents and communications considered by the Village in determining the $200 Fee amount.

6.      All documents and communications considered by the Village in determining the "twenty-five-dollar process fee," found at Code § 171-3.

7.      Documents and communications sufficient to show the Village's total expense incurred in 2018 for licensing solicitors.

8.      Documents and communications sufficient to show the Village's total expense incurred in 2019 for licensing solicitors.

9.      All documents and communications related to or concerning the Village's determination of the $200 Fee amount.

10.     All documents and communications related to or concerning the Village's determination of the "twenty-five-dollar process fee," found at Code § 171-3.

11.      All documents and communications related to or concerning the Village's drafting, consideration, and passage of Local Law No. 7 to amend Chapter 171 of the Village Code.

## REQUESTS FOR ADMISSION

1.      Admit that the Village did not consult any documents or individuals beyond the Village Attorney (John Ryan) in determining the $200 Fee.

2.      Admit that the total processing cost incurred by the Village to issue a solicitor license is $25.

3.      Admit that, until July 2019, the total annual fee for an individual solicitor license in the Village was $20.

4.      Admit that the Village has performed no studies on the total cost involved in administering its solicitor license ordinance.

5.      Admit that the Village did not contact any background check providers or private investigators to acquire information on their fees, prior to setting the $200 Fee amount.

6.      Admit that the Village conducted no research on the administrative costs involved in its solicitor licensing ordinance prior to setting the $200 Fee amount.

7.      Admit that the Village's solicitor licensing procedure does not involve a criminal background check.

8.      Admit that the total time expended by the Village Clerk to review and approve a solicitor license application is less than 30 minutes.

9.      Admit that the current version of Village Code Chapter 171 was drafted solely by Village Attorney John Ryan.

10.     Admit that Village Attorney John Ryan drafted the current version of Village Code Chapter 171 by copying the provisions of Chapter 47 of the Code of the Village of Floral Park, New York.

11.     Admit that the current version of Village Code Chapter 171 is identical to the current version of Chapter 47 of the Code of the Village of Floral Park, New York.

12.     Admit that the Village's total administrative cost for processing and issuing a license is less than $30.

13.     Admit that the Village's administrative cost for processing and denying an application is the same as the cost of processing and approving an application.

14.     Admit that the Village conducts a background check on solicitor license applicants prior to denying their request for a license.

15.     Admit that the fee for the background check conducted by the Village is the same for each solicitor license applicant.

16.     Admit that the Village researched the administrative costs of its solicitor licensing ordinance prior to setting the $200 Fee.

Dated: October 28, 2019                    Respectfully submitted,

                                           Daniel E. DeCicco, Esq.
                                           DARGER ERRANTE YAVITZ & BLAU LLP
                                           116 East 27th Street at Park Avenue
                                           New York, NY 10016
                                           (212) 452-5300

                                           /s/ Clint Cowan
                                           Kent D. Krabill, admitted *pro hac vice*
                                           Texas Bar No. 24060115
                                           kkrabill@lynnllp.com
                                           Samuel Clinton Cowan, admitted *pro hac vice*

Texas Bar No. 24109760
ccowan@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800

**Attorneys for Plaintiff, Aptive
Environmental, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, a true and correct copy of the above and foregoing **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** was served on all counsel of record via electronic mail on October 30, 2019 as follows:

**Via Electronic Mail:**
**jryan@rbdllp.net**
RYAN, BRENNAN & DONNELLY LLP
131 Tulip Ave.
Floral Park, NY 11001

*Attorney for Defendant*

/s/ Clint Cowan
Clint Cowan, admitted *pro hac vice*

New York State Department of State
Division of Corporations, State Records and Uniform Commercial Code
One Commerce Plaza, 99 Washington Avenue
Albany, NY 12231-0001

## Local Law Filing

www dos state ny us corps

### (Use this form to file a local law with the Secretary of State.)

Text of law should be given as amended. Do not include matter being eliminated and do not use italics or underlining to indicate new matter.

☐ County  ☐ City  ☐ Town  ☒ Village
*(select one)*

of _____ East Rockaway _____

Local Law No. __7__ of the year 20<u>19</u>

A local law <u>amending Chapter 171 of the Code of the Incorporated Village of East Rockaway with Regard to Commercial Solicitation.</u>

*(Insert Title)*

Be it enacted by the __Board of Trustees_____ of the
*(Name of Legislative Body)*

☐ County  ☐ City  ☐ Town  ☒ Village
*(Select One.)*

of_____ East Rockaway _____ as follows:

### Section 1.  Legislative Intent

Originally adopted in 1941 and subsequently amended in 1959, 1975, 1987 and 1999, Chapter 171 of the Village Code addresses solicitation within the Village.  Due to developments in the law regarding the regulation of commercial solicitation, this Local Law amends Chapter 47 so as to address the licensing requirements for those engaged in the commercial solicitation of the sale of goods and services.

*(If additional space is needed, attach pages the same size as this sheet, and number each.)*

### Section 2.  Chapter 47 As Amended

### Chapter 171

### HAWKING, PEDDLING AND SOLICITING

§ 171-1.  License required.

§ 171-2.  Application for license.

§ 171-3.  License fee.

§ 171-4.  Approval of application.

§ 171-5.  Restrictions.

§ 171-6.  Notice by those not desiring noncommercial solicitation.

DOS-0239-f-1 (Rev/ 02/10)                                                                 Page 1 of 8

§ 171-7.  **Identification cards.**

§ 171-8.  **Suspension and revocation of license.**

§ 171-9.  **Issuance of license to vending vehicle.**

§ 171-10. **Exemptions.**

§ 171-11. **Severability.**

§ 171-12. **Penalties for offenses.**

§ 171.1   **License required.**

Except as may be otherwise provided herein, it shall be unlawful for any person, organization, society, association, company or corporation or their agents or representatives, to proselytize, canvass, solicit business, take orders for goods or services or to distribute handbills, pamphlets or other written material or solicit donations or contributions of money or property or financial assistance of any kind upon the streets, in the offices of business buildings, upon private property, by house-to-house canvass or in public places in the Village of East Rockaway without a license previously issued pursuant to this chapter.

§ 171-2.  **Application for license.**

Application for a license as provided in this chapter shall be in writing and addressed to the Clerk of the Village of East Rockaway and shall contain the following information:

A.    Name, address and purpose of the cause for which the license is sought.

B.    Names and addresses of the officers and directors of the organization, firm, society, association, company or corporation.

C.    Time for which permission is sought and localities and places of activity, giving the date of the commencement and termination of the solicitation.

D.    Legal and tax status of any organization, firm, society, association, company or corporation so applying.

E.    Whether or not any commissions, fees, wages or emoluments are to be expended in connection with such activity.

F.    The name, address, date of birth, social security number, personal photograph(s) and complete driver's license information of the person or persons who shall be conducting the solicitation or otherwise peddling, soliciting or canvassing.

G.    A brief description of the nature of the business and the goods to be sold or services to be performed for which funds are to be solicited and an explanation of the intended use of the funds toward that purpose.

H.    If a vehicle or vehicles are to be used in the solicitation, a description of same, including year, make and model, together with a license plate number, registration certification information and liability insurance information or other satisfactory means of identification.  Such information shall be presented for inspection, upon demand, by the Village Code Enforcement Officer or Police Officer.

I.     The names of any other municipalities in which the person registering has solicited or otherwise peddled, solicited or canvassed within the previous 12 months.

J.     Such other information as the Board of Trustees may require.

## § 171-3.  License fee.

All applications must be accompanied by a twenty-five-dollar process fee payable to the Clerk, Village of East Rockaway.  Upon approval of the license, a fee of $200.00 shall be paid to the Village of East Rockaway.

## § 171-4.  Approval of application.

Upon receiving such application, the Clerk shall present the same to the Board of Trustees at its next regular meeting, but not later than twenty (20) business days from the date upon which the application is filed.  The Board of Trustees shall approve the application of all bona fide applicants who have complied with the above provisions.  The Board of Trustees may deny the application for any of the following reasons:

A.     An investigation reveals that the applicant falsified information on the application.

B.     The applicant has been convicted of a felony, misdemeanor or ordinance violation involving a sex offense, trafficking in controlled substances or any violent act against persons or property.

C.     The applicant is a person against whom a judgment or administrative agency determination has been entered or a conviction obtained within the five (5) years immediately preceding the date of the application based upon fraud, deceit or misrepresentation.

D.     The solicitation involves the sale of illegal substances or services.

E.     The applicant does not possess any applicable licenses required by the United States, the State of New York, the County of Nassau or the Town of Hempstead.

F.     A determination by the Village Code Enforcement Officer that the location and time of the activities described in the application would endanger the safety and welfare of the applicant or potential customers.

## § 171-5.  Restrictions.

Any license approval granted by the Board of Trustees is subject to the following restrictions:

A.     Payment by the applicant of the license fee of $200.00.

B.     All activity must be conducted on weekdays and Saturdays only between the hours of 9:00 a.m. and dusk (i.e., 30 minutes after sunset).

C.     Any organization, society, association, company or corporation licensed under this chapter shall not have more than ten (10) individuals engaged in the activity at any one (1) time.

D.    The license shall be effective for no more than one (1) calendar year from the date of issuance, and all licenses shall terminate on December 31 in the year in which it was issued. There shall be no pro-ration of fees over the calendar year.

E.    The Board of Trustees shall not grant permission for applicants' activity with respect to those persons who have advised the Board of Trustees in writing that they do not desire solicitation.

**§ 171-6.  Notice by those not desiring solicitation.**

Any person not desiring solicitation upon the person's private property may advise the Board of Trustees by written notice objecting to any or all solicitation or distributions. Such notice shall include the name of the person filing; the address of the property affected; the date of such filing; a statement specifically identifying the organizations or institutions which the person filing objects to permitting entrance onto his private residential property for the purpose of solicitation or distribution; or that all such solicitation or distribution is objected to.

**§ 171-7.  Identification cards.**

All persons soliciting donations or contributions or proselytizing pursuant to this chapter shall, at all times during such period, carry an identification card issued by the organization, society, association, company or corporation licensed to conduct the solicitation. Each identification card shall be displayed on the outer garment and shall plainly show the name of the person who is soliciting, his or her photograph and the person, organization, society, association, company or corporation on whose behalf such solicitation is being made.

**§ 171-8.  Suspension and revocation of license.**

Any and all licenses which may be granted by the Board of Trustees pursuant to any part of this chapter may, for cause, be suspended by the Mayor and may be revoked by the Board of Trustees after notice and hearing for any of the following causes:

A.    Fraud, misrepresentation or a false statement contained in the application for a license.

B.    Violation of any of the restrictions imposed on the issuance of such license or on the conduct of any solicitations so licensed.

**§ 171-9.  Issuance of license to vending vehicle.**

No license shall be issued for any vehicle used for solicitation unless a license therefor is obtained as hereinafter provided:

A.    Every applicant for such a license is required to submit to the Village Clerk a written application supplying under affidavit the following information: that he is a citizen of the United States, has never been convicted of a felony or misdemeanor, is a fit and desirable person and is capable of properly conducting the trade or occupation desired. If satisfied that the applicant possesses the required qualifications, the Village Clerk shall, upon receipt of the license fee, issue a license to the applicant upon payment of the license fee of $200.00. Such

license shall be issued annually and shall expire on the 31st day of December next succeeding the date of issuance thereof.

B.  Every such licensee using the vehicle shall have and keep the number of his license painted in conspicuous figures on a metallic sign on a conspicuous place on the side of such vehicle, and if any person uses or employs more than one vehicle for such business, he shall procure a separate license for each of such vehicles. All licenses shall be displayed in a conspicuous place within the vending vehicles.

C.  The vending vehicle shall, at all times, be kept in a safe operational condition, including fully operational horn, safety lights and safety arm with stop sign. Upon request, the licensee agrees to allow the vehicle to be inspected by the Village of East Rockaway.

D.  It shall be unlawful to stop for the purposes of soliciting without the warning lights, safety arm and stop sign activated and all amplified sound or noise terminated until the vehicle leaves the location.

E.  Vending shall only take place from the side or rear of the vehicle, away from moving traffic and as near as possible to the curb or edge of the roadway.

F.  There shall be no vending to a person standing in the roadway.

G.  The driver of a vending vehicle shall not back up the vehicle to make or attempt a sale.

H.  The driver of a vending vehicle shall not permit any person under 16 years of age nor any unauthorized person to ride in or on the vehicle.

I.  The vending vehicle shall not be stopped within 50 feet of any street intersection or 500 feet of any school or the Village property; in a metered parking area; or within 50 feet of any district designated residential under the Zoning Code of the Incorporated Village of East Rockaway.

J.  No vending vehicle shall operate before 9:00 a.m. or after dusk in the Village.

K.  Any person found to be in violation of any provisions of this section shall be subject to punishment by a fine not to exceed $250.00 and revocation of the vendor's license.

## § 171-10. Exemptions.

This chapter shall not apply to persons for whom exemption is made by any special provision of law from any of the provisions of this chapter, provided they are not engaged in commercial transactions or the solicitation of funds. This chapter also shall not apply to any duly organized religious corporation, lodge, benevolent or fraternal order, political organization; nor to a local community group or organization such as the Boy Scouts, Girl Scouts, or other such youth organization, or to any political party or candidate. In the event such organizations or individuals are involved in commercial transactions or the soliciting of funds, special permission shall first be obtained from the Board of Trustees for soliciting or canvassing.

## § 171-11. Severability.

If any section, subsection or provision of this chapter or the application of such section, subsection or provision to any person or circumstances shall be held invalid, illegal or unconstitutional, the validity of

the remainder of this chapter and the applicability of such section, subsection or provision to other persons or circumstances shall not be affected thereby.

## § 171-12. Penalties for offenses.

Any person violating any provision of this chapter shall be liable for the forfeit and pay a penalty not to exceed $250.00 for each offense.

## Section 3.  Severability

If a court determines that any clause, sentence, paragraph, subdivision, or part of this local law or the application thereof to any person, firm or corporation, or circumstance is invalid or unconstitutional, the court's order or judgment shall not affect, impair, or invalidate the remainder of this local law, but shall be confined in its operation to the clause, sentence, paragraph, subdivision, or part of this local law or in its application to the person, individual, firm or corporation or circumstance, directly involved in the controversy in which such judgment or order shall be rendered.

## Section 4. Effective Date

This local law shall take effect immediately upon filing with the Secretary of State.

**(Complete the certification in the paragraph that applies to the filing of this local law and strike out that which is not applicable.)**

**1.      (Final adoption by local legislative body only.)**

I hereby certify that the local law annexed hereto, designated as local law No. 7 of 2019 of the (County)(City)(Town)(Village) of East Rockaway was duly passed by the Board of Trustees on February 5, 2019 in accordance with the applicable provisions of law.

**2.      (Passage by local legislative body with approval, no disapproval or repassage after disapproval by the Elective Chief Executive Officer\*.)**

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20 ___ of the (County)(City)(Town)(Village) of_____was duly passed by the _____ on _____20_____, and was (approved)(not approved)
*(Name of Legislative Body)*

(repassed after disapproval) by the _____ and was deemed duly adopted
                                              *(Elective Chief Executive Officer\*)*
on _____20___, in accordance with the applicable provisions of law.

**3.      (Final adoption by referendum.)**

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20___ of the (County)(City)(Town)(Village) of_____was duly passed by the _____ on _____20___, and was (approved)(not approved)
*(Name of Legislative Body)*

(repassed after disapproval) by the _____ on_____20___.
                                              *(Elective Chief Executive Officer\*)*

Such local law was submitted to the people by reason of a (mandatory)(permissive) referendum, and received the affirmative vote of a majority of the qualified electors voting thereon at the (general)(special)(annual) election held on_____ 20___, in accordance with the applicable provisions of law.

**4.      (Subject to permissive referendum and final adoption because no valid petition was filed requesting referendum.)**

I hereby certify that the local law annexed hereto, designated as local law No. _____ of 20___ of the (County)(City)(Town)(Village) of_____was duly passed by the _____ on _____20_____, and was (approved)(not approved)
*(Name of Legislative Body)*

(repassed after disapproval) by the _____ on _____ 20_____.Such local
                                              *(Elective Chief Executive Officer\*)*
law was subject to permissive referendum and no valid petition requesting such referendum was filed as of_____ 20___, in accordance with the applicable provisions of law.

---

\*     Elective Chief Executive Officer means or includes the chief executive officer of a county elected on a county-wide basis or, if there be none, the chairperson of the county legislative body, the mayor of a city or village, or the supervisor of a town where such officer is vested with the power to approve or veto local laws or ordinances

DOS-0239-f-l (Rev/ 02/10)

**5.      (City local law concerning Charter revision proposed by petition.)**

I hereby certify that the local law annexed hereto, designated as local law No._____ of 20___  of the City of _____having been submitted to referendum pursuant to the provisions of section (36)(37) of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of such city voting thereon at the (special)(general) election held on _____ 20_____, became operative.

**6.      (County local law concerning adoption of Charter.)**

I hereby certify that the local law annexed hereto, designated as local law No._____ of 20___  of      the County of_____State of New York, having been submitted to the electors as the General Election of the November _____20_____, pursuant to subdivisions 5 and 7 of section 33 of the Municipal Home Rule Law, and having received the affirmative vote of a majority of the qualified electors of the cities of said county as a unit and a majority of the qualified electors of the towns of said county considered as a unit voting at said general election, became operative.

**(If any other authorized form of final adoption has been followed, please provide an appropriate certification.)**
I further certify that I have compared the preceding local law with the original on file in this office and that the same is a correct transcript therefrom and of the whole of such original local law, and was finally adopted in the manner indicated in paragraph _____|_____ above

_____
Clerk of the county legislature body, City, Town or Village Clerk or officer designated by local legislative body

Date:____September____ , 2019
_____

*(Seal)*

**(Certification to be executed by County Attorney, Corporation Counsel, Town Attorney, Village Attorney or other authorized attorney of locality.)**

STATE OF NEW YORK
COUNTY OF NASSAU

I, the undersigned, hereby certify that the foregoing local law contains the correct text and that all proper proceedings have been had or taken for the enactment of the local law annexed hereto.

_____
Signature        John E. Ryan

_____
Title        Village Attorney

~~County~~
~~City~~
~~Town~~ of____EAST ROCKAWAY_____
Village

Date: _____September__ , 2019

DOS-0239-f-I (Rev/ 02/10)

Page 8 of 8