IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
----------------------------------------------------------------X
APTIVE ENVIRONMENTAL, LLC,

                                Plaintiff,

           -against-

VILLAGE OF EAST ROCKAWAY,
NEW YORK,

                              Defendants.
----------------------------------------------------------------X

**REPLY AFFIDAVIT**

**Index No. 19-CV-03365 (SJF-SIL)**

       JOHN E. RYAN, ESQ., being duly sworn, deposes and says:

       1.     I am admitted to practice before this Court. I am a member of the firm RYAN, BRENNAN & DONNELLY LLP, attorneys for the Defendant, VILLAGE OF EAST ROCKAWAY ("VILLAGE"), in the above-captioned action.

       2.     This Affidavit, and the accompanying Reply Memorandum of Law, are submitted in support of the VILLAGE's motion for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting the VILLAGE summary judgment dismissing Plaintiff's Second Amended Verified Complaint. These papers also are submitted in opposition to Plaintiff's motion for summary judgment.

       3.     In its Notice of Cross-Motion for Summary Judgment, Plaintiff correctly posits the sole remaining issue before this Court in this case, to wit:

> Whether "as a matter of law . . . the $200 solicitation fee of the Village . . . violates the First Amendment . . . .

Plaintiff's Notice of Cross-Motion for Summary Judgment, dated March 31, 2020, at p.1.

4. By filing its cross-motion for summary judgment, Plaintiff also has conceded that there exists no genuine issues of material fact preventing this Court from deciding this issue of law. See Plaintiff's Memorandum of Law, at p. 2 ("Simply put, no genuine issue of material fact exists.").

5. Section 171.3 of the Village Code, which imposes the $200 fee, expressly recites what "[t]his fee will be applied to:

        a) processing costs;
        b) criminal background checks;
        c) maintenance of the "No Knock" list; and
        d) enforcement of the provisions of the Code.

6. In its Responses to Plaintiff's First Set of Discovery Requests, a copy of which is annexed as Exhibit "C" to the Declaration of Clint Cowan, executed March 21, 2020 in Dallas, Texas, the VILLAGE confirmed that I, as Village Attorney, was the only individual involved in determining the $200 fee amount. See Response to Interrogatory 2.

7. In addition, the VILLAGE confirmed that the Code provisions were substantively identical to those contained in Chapter 47 of the Village Code of Floral Park, New York, both of which "were based upon the 'model code' provided by plaintiff's former counsel, Jeremy Fielding, Esq.". Interrogatory Response No. 7. The Floral Park Code, including the provision regarding the $200 license fee, were the subject of a stipulation of settlement, which was so-ordered by Judge Bianco in Aptive v. Floral Park, 18-cv-4690, Document No. 27.

8. With respect to the projected expenses the VILLAGE expects to incur in connection with commercial solicitation licenses, the following were specified in the Village's Response to Interrogatory No. 5:

  (a)  Criminal background check ($100);

  (b)  Initial review of application, etc. ($50 to $75);

  (c)  Maintenance of No-Knock List ($50 to $75);

  (d)  Enforcement ($50 to $75).

9. Notwithstanding Plaintiff's protestations, based on my forty years of practice, I do have personal knowledge that the cost of a criminal background check conducted by a licensed private investigator in this area of the country is at least $100. Also, Plaintiff has conceded that these costs range from $100 to $125 on Long Island. See Declaration of Pierson "Pierse" Baldwin, Docket 40 – 1 at Para. 19, p. 870. As of two months ago, the New York State Office of Court Administration ("OCA") was charging a $95.00 fee just for a New York Statewide Criminal History record search. See Exhibit "B" to Affidavit of John E. Ryan, sworn to February 20, 2020.

10. Similarly, there is not question of fact regarding the annual salaries of Village Clerk ($123,000.00) and Superintendent of Buildings ($121,000.00). If they each spend only one-half hour to one hour with respect to the application process, no-knock list and enforcement of the Village Code provisions regarding solicitation, their pro-rated salaries would be at least another $130 in additional costs incurred by the VILLAGE.

11. With respect to such processing and enforcement expenses, these are clearly based on reasonable projections. In this regard, attached hereto as Exhibit "A" are additional pages of testimony from the deposition of the Village Clerk which was not included by the Plaintiff.

12. Among other things, the Village Clerk confirmed that no commercial solicitation licenses have been sought or issued in the Village for many years. Exhibit "A", at p. 18-26. With the exception of one company, only one such application has been received by the VILLAGE for a commercial solicitation license under the amended Code provisions. Id.

13. There will be multiple steps in the licensing process, including intake, review by staff, counsel and the Board of Trustees, as well as time spent on generating and continually updating the "No-Knock list." Id. at pp. 26-28; 85; 121-124.

14. Because no commercial solicitation license has been issued under the new Code provisions, exact costs are not available. Id. at pp. 22; 42-43; 82-85. However, these costs are reasonable projections. The likely costs, including the criminal background check, will be at least $200. Id. at p. 63; 113.

15. The $200 fee is reasonably related to the VILLAGE's actual anticipated expenses and certainly is not unconstitutional. In Plaintiff's view, the only "constitutional" fee that the VILLAGE could impose would be between $25-$50. This contention apparently is based upon the fact that the fee established by the VILLAGE in 1945 for such licenses was $25.00. Perhaps needless to say, and the rate of inflation aside, the VILLAGE's operational costs have increased dramatically over the least seven and one-half decades.

WHEREFORE, it is respectfully requested that: (a) the VILLAGE's motion be granted; (b) Plaintiff's motion be denied; and (c) that the Second Amended Complaint be dismissed, together with such other and further relief as this Court deems proper.

_____
John E. Ryan

Sworn to before me this
1st day of May, 2020

_____
Notary Public

MARY FORGIONE
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01FO6219236
COMM. EXP 03-22-2022

4