John E. Ryan (JR3935)
Ryan, Brennan & Donnelly LLP
*Attorneys for Defendant*
Village of East Rockaway
131 Tulip Avenue
Floral Park,. New York  11001
(516) 328-1100

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**APTIVE ENVIRONMENTAL, LLC,**

                        **Plaintiff,**

    - against –

**VILLAGE OF EAST ROCKAWAY,
NEW YORK,**

                        **Defendant.**

Civil Action No. 19-3365 (SJF-SIL)

---

## DEFENDANT VILLAGE OF EAST ROCKAWAY NEW YORK'S
## REPLY MEMORANDUL OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

**Floral Park, New York
May 1, 2020**

                        **RYAN, BRENNAN & DONNELLY LLP**
                        *Attorneys for Defendant*
                        **VILLAGE OF EAST ROCKAWAY**
                        **131 TULIP AVENUE**
                        **FLORAL PARK, NEW YORK 11001**
                        **(516) 328-1100**

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in further support of Defendant VILLAGE OF EAST ROCKAWAY NEW YORK'S ("VILLAGE") motion for summary judgment dismissing Plaintiff's Second Amended Verified Complaint.

As set forth below, the VILLAGE's $200.00 solicitation licensing fee is reasonable in terms of the costs that will be incurred by the VILLAGE to conduct criminal background checks, process the application, maintain its "no-knock" list and enforce Chapter 171 of the Village Code.  As such, the $200 fee does not violate the First Amendment.

## THE VILLAGE'S SOLICITATION FEE
## IS CONSTITUTIONAL

As Plaintiff concedes, licensing fees relating to the exercise of constitutional rights may be imposed by governmental entities if such fees "meet the expenses incident to the administration of the "licensing statute and to the maintenance of public order in the matter licensed."" Kwong v. Bloomberg, 723 F.2d 160, 165-66 (2d Cir. 2013) quoting Cox v. New Hampshire, 312 U.S. 569, 577 (1941);   accord National Awareness Fund v. Abrams, 50 F.3d 1159, 1165 (1995).   Indeed, Plaintiff acknowledges, as it must, that fees necessary "to defray administrative expenses are permissible  . . . ." Plaintiff's Memorandum of Law, at p. 2, citing Citizens Action Group v. Powers, 723 F.2d 1050, 1056 (2d Cir. 1983); see also Coates v. Village of Bayville 58 N.Y.2d 800 (1983) (fees necessary and proportionate to Village's project costs allowed); Jewish Reconstruction Synagogue v. Roslyn Harbor, 40 N.Y.2d 159, 163 (1976) ("fees must bear a relation to average costs").

In Suffolk Builders Association v. County of Suffolk, 46 N.Y.2d 613 (1979), the New York State Court of Appeals summarized these principles as follows:

> The power to regulate subsumes the concomitant power to license and to set fees reasonably related to the cost of licensing . . . . For, without the power to do so, a local governmental agency might well find itself without the means to fulfill its statutory imperative. Thus the power to enact fees may be implied, though, because its provision is then not spelled out in so many words, it must be regarded as circumscribed by a similarly implied limitation that the fees charged be reasonably necessary to the accomplishment of the regulatory program.

46 N.Y. 2d at 619 (citations omitted).

As to the assertion by Plaintiff that the VILLAGE must "precisely" demonstrate its actual costs in establishing the amount of the licensing fees, the New York State Court of Appeals opinion in Suffolk Builders Ass'n provides guidance:

2

> In short, this was a situation in which both statistical information and human experience played a part. Together, they were calculated to attain a reasonable correspondence between costs and fees. Exact congruence between total expenses and total permit charges was not required . . . . And, form this analysis, it also follows that the imposition of fees did not constitute an improper assumption of the power to tax . . . .

46 N.Y.2d at 621.

In establishing the $200 fee, cost projections were made based upon available information, including the actual expenses of criminal background checks, the prorated hourly salary of the Village employees involved in the processing of the applications, maintenance of the "No-Knock list" and enforcement of these licensing regulations. All these costs are necessary and reasonable in order for the VILLAGE to fulfill its legal obligations.

Finally, it is worth noting that all these costs projections were done at a time prior to the onset of the Corona Virus. What the Village's administration costs will be for the licensing and regulation of door-to-door solicitation in a post-pandemic world remains to be seen, not to mention the actual desire to engage in and the efficiency of Plaintiff's in-person sales program in this new world order.

3

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the VILLAGE's motion be granted and Plaintiff's Second Amended Verified Complaint be dismissed, together with costs, attorneys' fees and such other relief as this Court deems appropriate.

DATED:  Floral Park, New York
          May 1, 2020

Respectfully submitted,

RYAN, BRENNAN & DONNELLY LLP

By:_____

     John E. Ryan (JR3035)
     *Attorneys for Defendant*
     VILLAGE OF EAST ROCKAWAY
     131 Tulip Avenue
     Floral Park, New York  11001
     (516) 328-1100

4