UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| APTIVE ENVIRONMENTAL, LLC, § § Plaintiff, § § v. § § VILLAGE OF EAST ROCKAWAY, § NEW YORK, § § Defendant. § § § | No. 2:19-cv-03365-SJF-SIL |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Aptive Environmental, LLC ("Aptive" or "Plaintiff") submits this Reply Memorandum of Law in Support of its Cross-Motion for Summary Judgment. Plaintiff incorporates its L.R. 56.1 Statement of Material Facts, L.R. 56.1 Counterstatement of Material Facts, Declaration and attached exhibits, and the evidence previously on file with the Court, and seeks as follows:

(1) Judgment as a matter of law that the $200 Solicitation Fee of the Village of East Rockaway, New York (the "Village"), found at §§ 171-3 and 171-5(A) of the Village Code, violates the First Amendment rights of Aptive, others similarly situated, and Village residents, both facially and as applied; and

(2) A permanent injunction barring enforcement of the $200 Solicitation Fee found at §§ 171-3 and 171-5(A) of the Village Code.

## **INTRODUCTION**

A municipality may charge a license fee for First Amendment activity. But only fees precisely tailored to defray administrative expenses are permissible. *Eastern Connecticut Citizens Action Group v. Powers*, 723 F.2d 1050, 1056 (2d Cir. 1983). A municipality's license fee must

be "designed to defray (and [] not exceed) the administrative costs of regulating the protected activity." *Kwong v. Bloomberg*, 723 F.3d 160, 165 (2d Cir. 2013). As the proponent of the Fee, the Village bears the evidentiary "burden of proving the fee equals the costs of its regulatory scheme." *Turley v. New York City Police Dep't*, 988 F. Supp. 667, 674 (S.D.N.Y. 1997).

The Village has admitted—repeatedly and under oath—that it possesses no such evidence. It performed no studies and conducted no research about its administrative expenses prior to establishing this $200 Fee. The Village's Reply Memorandum and Reply Affidavit do not attempt to controvert any of Plaintiff's Material Facts. And the Village even concedes there is no genuine issue of material fact. *See* Def.'s Reply Aff. ¶ 4. Instead, the Village offers only back-of-the-envelope calculations from its attorney, made months after the Fee was enacted, and without citations to admissible evidence in the record. The Court should therefore admit Plaintiff's Material Facts, hold the Fee unconstitutional under the First and Fourteenth Amendments, and permanently enjoin its enforcement.

## ARGUMENT

### 1. The Village Failed to Controvert Plaintiff's Material Facts; the Court Should Deem these Material Facts Admitted and Grant Plaintiff's Cross-Motion for Summary Judgment.

The Village has not attempted to controvert Plaintiff's Statement of Material Facts. It has filed no Counterstatement under L.R. 56.1. Instead, the Village has simply submitted a second affidavit from the Village Attorney, restating its conclusory position that the Fee is justified by categories of administrative expenses devised out of thin air. *See* Def.'s Reply Aff. But this document cannot belatedly create a fact issue when ***the Village already testified*** that it did not design the Fee amount to "equal the cost incurred or to be incurred" by the Village in licensing and regulating solicitation. *Citizens Action Grp.*, 723 F.2d at 1056.

*First*, the Village's Reply Affidavit does not correspond to and fails to oppose any specific numbered paragraph in Plaintiff's Statement of Material Facts. Local Civil Rule 56.1(c) states:

> Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion ***unless specifically controverted*** by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(emphasis added). The Second Circuit has instructed that the Local Rule 56 "requirement is strict." *T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009). In the typical case, failure to respond to a Rule 56.1 statement results in a grant of summary judgment once the court assures itself that Rule 56's other requirements have been met. *Id.* at 417-418; *see also Luizzi v. Pro Transport Inc.*, No. 02 CV 5388, 2009 WL 252076, at *2 (E.D.N.Y. Feb. 2, 2009) ("Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts.") (citing *Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) and *Sawyer v. Wight*, 196 F.Supp.2d 220, 225 (E.D.N.Y. 2002)).

The Village's Reply Memorandum and Reply Affidavit wholly fail to respond to Plaintiff's Statement of Material Facts. The Village has not listed a single paragraph from Plaintiff's Statement that the Village claims to be in dispute, nor has it cited admissible evidence creating a dispute. The Court should rely solely on the undisputed material facts presented by Plaintiff, which are supported by admissible evidence from the record.

*Second*, the Village's Reply Affidavit is not based on personal knowledge, which is a fundamental requirement of Rule 56(c)(4). *See* Def.'s Reply Aff. ¶¶ 1-8, 10-15. This evidence is therefore improper for summary judgment. *Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr.*, 390 F. Supp.2d 207, 208 (E.D.N.Y. 2005) ("Affidavits in opposition to summary judgment must be made

on personal knowledge . . . An attorney affidavit does not meet this standard and is insufficient to defeat a summary judgment motion. . . . Accordingly, facts recited in the defendant's Rule 56.1 statement are deemed admitted, to the extent they are supported by citation to admissible evidence.").

The Court may disregard the Village's purportedly factual assertions in the Reply Affidavit and Reply Memorandum of Law on these bases alone and instead admit the factual assertions in Plaintiff's Statement of Material Facts. *Rohlehr*, 390 F. Supp. 2d at 208. The Village's Reply Memorandum is not a proper vehicle through which to present facts to the Court. *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); *Giannullo v. City of N.Y.*, 322 F.3d 139, 142 (2d Cir. 2003) (stating that a memorandum of law "is not evidence at all"); *Knight v. Nassau Cty.*, No. 17CV0958SFJSIL, 2019 WL 3817392, at *5 (E.D.N.Y. Aug. 14, 2019) (J. Feuerstein) ("Naturally, any *factual statements must cite to the record with specificity* in the first instance.") (emphasis original).

***Third***, the Village's Reply Affidavit attempts to contradict its sworn 30(b)(6) testimony, but without citation to admissible evidence. The Village testified earlier that it does not know the amount of time it would take to issue a solicitor license, because it has not yet issued any licenses. Ex. A,[1] Village Dep. 28:20-29:9. Yet here, the Village Attorney attempts to introduce—through a second conclusory affidavit—an estimate of "one-half hour to one hour" per task related to solicitation licensing. Def.'s Reply Aff., ¶ 10.[2] The Village testified earlier that it does not have any evidence about the cost of background checks and indeed, has not even researched which

---

[1] Ex. A, Ex. B, and Ex. C refer to the exhibits attached to Plaintiff's Declaration in support of its Cross-Motion for Summary Judgment ("Declaration of Clint Cowan").
[2] Moreover, even if the Village could tie solicitation license expenses to the Clerk's salary, it would still fail "to prove exactly what she did, and it leaves entirely to speculation whether or not all of her work was essential for the purposes of [the solicitation ordinance]." *Moffett v. Killian*, 360 F. Supp. 228, 232 n.6 (D. Conn. 1973) (invalidating fee under First Amendment because state lacked evidence showing the fee amount equaled administrative expenses).

background check companies it may eventually use. Ex. A, Village Dep. 118:14-119:19. The Village conceded under oath that it "doesn't currently have any evidence to support its view that a background check costs a hundred dollars per applicant." *Id.* 119:13-19. Yet here, the Village Attorney attempts to introduce a $100 background check fee based solely on ipse dixit references to his "forty years of practice" as an attorney, without any admissible citations to the record about *which* background check services he cites, or *how much* each of those background checks will cost. *See* Def.'s Reply Aff. ¶ 9.

This contradictory and conclusory affidavit is improper. "[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* The post-hoc Reply Affidavit submitted by the Village Attorney cannot establish any facts tying the Fee to administrative costs. No genuine issue of material fact exists, and summary judgment should be granted to Plaintiff.

> **2.     The Village Has No Evidence to Support the Fee, and the Village's Reply Does Not Dispute This Fact.**

The Village's Reply Affidavit and Reply Memorandum do not dispute its lack of evidence to support the Fee. Under the First Amendment, a license fee is unconstitutional where the municipality has no computations, accounting reports, analyses, or other data showing the precise amount of administrative expenses defrayed by the license fee. *E.g.*, *Turley*, 988 F. Supp. at 674–75 (City "provided no evidence" of the hours spent or hourly salary of officials in doing other tasks

incidental to enforcing the ordinance. Because the record did "***not provide sufficient evidence from which to estimate these other costs***" or the costs associated with processing, the fee was unconstitutional) (emphasis added); *Citizens Action Grp.*, 723 F.2d at 1056 ("The court below found no evidence that the administrative fee charged and to be charged to plaintiffs is ***equal to the cost incurred or to be incurred*** by defendants . . . ***Absent such a showing***, DOT's administrative fee cannot be sustained.") (emphasis added).

It is undisputed that the Village has no witness statements, studies, analyses, accounting reports, legislative findings, police reports, memoranda, or any other data to support its $200 Fee. Indeed, it is undisputed that ***no such documents exist.***" *Compare* Def.'s Reply Aff. *with* Ex. B, at 6 (RFP 1) and Ex. C, at 3 (Response to RFP 1). It is also undisputed that the Village has no documents or communications reflecting any research, studies, investigations, analysis, or accounting reports, memoranda, or other data related to the costs incurred by the Village for enforcing Chapter 171 of the Village Code. The Village concedes that "***no such documents exist***" and the Village Attorney's two affidavits have not revealed any such evidence. *See* Def.'s SJ Aff. ¶¶ 7-10; Def.'s Reply Aff.; Ex. B, at 6 (RFP 2); Ex. C, at 3 (Response to RFP 2). And it is undisputed that the Village did not consider any documents or communications, of any kind, in determining the $200 Fee amount. *Compare* Def.'s Reply Aff. *with* Ex. B, at 6 (RFP 5); Ex. C, at 4 (Response to RFP 5); Ex. B, at 6 (RFP 9); Ex. C, at 4 (Response to RFP 9).

Furthermore, it is undisputed that the Village has no documents supporting its administrative processing cost estimates. *Compare* Ex. A, Dep. 75:13-18 *with* Def.'s Reply Aff. And it is undisputed that the Village has no evidence supporting its claims about enforcement costs relative to this Ordinance. *Compare* Ex. A, Village Dep. 75:19-76:1 *with* Def.'s Reply Aff. The Village has ***no evidence at all*** to support its estimated processing costs and ***no evidence at all*** to

support its estimated enforcement costs. Ex. A, Village Dep. 43:3-12; 45:5-46:10; 75-76; Ex. B, at Pages 4-6; Ex. C, at Pages 1-4.

The Village's Reply Affidavit does not offer any evidence disputing these facts. The Village's undisputed lack of any concrete evidence to justify the Fee amount only underscores its extreme unconstitutional and arbitrary nature. *See Big Hat Books v. Prosecutors*, 565 F. Supp. 2d 981, 994–95 (S.D. Ind. 2008) ("**Defendants have provided not a shred of evidence** suggesting that the $250.00 fee is proportional to the amount of work required by the secretary of state's office resulting from a filing, and we cannot fathom how 'notification of local officials' could justify such a fee. Such a requirement does not pass constitutional muster.") (emphasis added);[3] *see also Chester Branch, Nat'l Ass'n for Advancement of Colored People v. City of Chester*, 253 F. Supp. 707, 709 (E.D. Pa. 1966) ("**Defendants have produced no evidence** as to the relationship, or as to the reasonableness of the relationship, if any, between the twenty-five dollar fee imposed by Chester Ordinance No. 82-1955 and the cost of enforcing said ordinance.") (emphasis added); *Covenant Media of Illinois, L.L.C. v. City of Des Plaines, Ill.*, No. 04 C 8130, 2005 WL 2277313, at *5 (N.D. Ill. Sept. 15, 2005) (invalidating billboard licensing fee because city failed to produce evidence of its costs of enforcing permitting scheme for billboard restrictions).

There is no genuine issue of material fact. The Village has no evidence tying the $200 Fee to administrative expenses. The Court should therefore grant summary judgment to Plaintiff.

---

[3] Like the Village here (*see* Def.'s MSJ Aff. ¶ 10; Def.'s Reply Aff. ¶¶ 11, 14-15), the municipality in *Big Hat Books* attempted to rely solely on the arguments of counsel as its "evidence" that the fees were justified with reference to administrative expenses. The court held that these conclusory statements fell far short of justifying the license fee. 565 F. Supp. 2d at 994.

### 3. It is Undisputed that the Village Did Not Conduct Any Research about, or Make Any Findings of, its Administrative Expenses Prior to Setting the Fee.

The Village's Reply Affidavit does not dispute that the Village performed no research, conducted no studies, and did no analyses of its administrative expenses prior to setting the $200 Fee amount. To pass constitutional muster, the Village must have a record of facts and evidence it considered when setting the fee. "Absent a ***record sufficient to support the City's claim*** that its licensing fee is constitutionally reasonable," the Fee is unconstitutional. *Fly Fish, Inc. v. City of Cocoa Beach*, 337 F.3d 1301, 1315 (11th Cir. 2003) (emphasis added). "The record must support the contention that the city has ***made reasonable efforts to ascertain the costs*** associated with the licensing program." *729, Inc. v. Kenton Cty. Fiscal Court*, 515 F.3d 485, 510 (6th Cir. 2008) (emphasis added).

Federal courts uniformly hold that a municipality cannot carry its evidentiary burden simply by contending in conclusory fashion that the fee is "reasonable as a matter of law." *Fly Fish*, 337 F.3d at 1315. Yet that is all the Village can attempt here. *See* Def.'s Reply Aff. ¶¶ 11, 14-15. Absent an evidentiary record showing that the $200 amount is necessary to recoup specific administrative costs of licensing, the Fee is unconstitutional. *Covenant Media*, 2005 WL 2277313, at *5 (invalidating billboard license fee because City, without evidence, "merely asserted that its billboard licensing fee is reasonably related to its interests of promoting safety and the welfare of citizens and in regulating the competing uses of public forums").

The Village has no evidence showing that the $200 amount is necessary to recoup specific administrative costs of licensing. Such a lack of evidence is unsurprising. It is undisputed that the Village did not conduct any research about, or make any findings of, its administrative expenses prior to setting the Fee.

***First*,** it is undisputed that the Village failed to consult the Clerk's office prior to setting the Fee—even though that office handles all the administration for solicitation licenses and is thus the only office that would know the administrative expenses of licensing solicitors. *Compare* Def.'s Reply Aff. *with* Ex. A, Village Dep. 63:2-6; 62:10-23; *see also id.* 60:2-63:13. And the Village repeatedly admitted in discovery responses that it did not consult the Village Clerk's office in computing its estimated administrative expenses. Indeed, the Village concedes that it passed the $200 license fee without consulting *any* Village employees whatsoever about administrative costs. *Compare* Def.'s Reply Aff. *with* Ex. B, at 4 (Interrogatory 2) and Ex. C, at 2 (Response to Interrogatory 2). Moreover, the Village did not even devise its back-of-the-envelope, administrative cost estimates until ***4 months after*** it enacted the $200 Fee. *See* Def.'s Mot. SJ Aff. and Ex. A (§ 171-3) (January 2020); Ex. C, at 2 (Interrogatory 5 Response) (January 2020).

The Village does not dispute that the $200 Fee came solely from the conjecture of the Village Attorney, who admittedly copied the fee from another municipal ordinance without any research or evidence supporting the $200 figure. Def.'s Reply Aff. *with* Ex. B, at 5 (Interrogatory 9) and Ex. C, at 3 (Response to Interrogatory 9); Ex. B, at 8 (RFA 10); Ex. C, at 4 (Response to RFA 10) ("Admit"). The Village cannot carry its burden to show a tight fit between the Fee and its actual administrative expenses, when it failed to consult the only office possessing the information and did not set the fee with the expenses of this specific municipality in mind.

***Second***, it is undisputed that the Village wholly failed to conduct any other types of studies into its administrative expenses for processing licenses or performing background checks. *Compare* Ex. A, Village Dep. 78:3-8, *with* Def.'s Reply Aff. The Village's Reply Affidavit claims that $100 of the Fee is used for a background check. *See* Def.'s Reply Aff. ¶ 8. But that ipse dixit statement cannot create a fact issue, when the Village has already testified under oath that it ***has***

*not taken any estimates from any background check companies* to determine the Village's cost for performing a background check. Ex. A, Village Dep. 118:14-119:9. Moreover, the Village has conceded that it is unaware of any documents or communications that would show the Village's procedure for conducting a criminal background check:

```
16   Q   Does the village have any documents or
17   communications which would show its procedure for
18   conducting criminal history or background checks on
19   applicants for solicitor licenses?
20   A   No.
```

Ex. A, Village Dep. 78:16-20; *see also id.* 76:2-5. And the Village further admitted that there has not been any background check done for solicitor licenses in the past three years. Ex. A, Village Dep. 27:2-10. If the Village has not researched *which* background check it will employ, or *what* the background check will involve, it cannot make a credible estimate of the expense. The Village's Reply Affidavit does not dispute any of these facts. Pure conjecture about the cost of a background check—based solely on the Village Attorney's "years of practice"—cannot satisfy the constitutional standard or create a fact issue. *See* Def.'s Reply Aff. ¶ 9.[4]

It is also undisputed that the Village failed to perform any research or studies or investigations or analyses or accounting reports to support its figures regarding enforcement costs for Chapter 171 of the Village Code. Ex. A, Village Dep. 75:19-76:1; *see also id.* 78:9-20; Def.'s Reply Aff. The Village undisputedly failed to research any enforcement costs prior to enacting the $200 Fee amount. Ex. A, Village Dep. 124:24-125:9; Def.'s Reply Aff. And the Village concedes it does not know how much it spent on enforcement costs related to solicitation in the years 2017–2019 and has conceded that the amount ***could even be zero***. Ex. A, Village Dep. 45:5-46:10; Def.'s

---

[4] Moreover, any reference to the Declaration of Pierson Baldwin is irrelevant, because the Village has admitted it has not reviewed any cost estimates (including any in the Declaration) for background checks or conducted any research about background checks in connection with enacting the $200 solicitation license fee.

Reply Aff. "To prove enforcement costs, the City must provide evidence that its enforcement efforts are directly related to [the solicitor licensing scheme], and not to some other regulatory scheme." *Turley*, 988 F. Supp. at 675 n.11. The Village has not done so.

Without a record that it considered concrete evidence of administrative costs for processing licenses or enforcing its solicitation ordinance—or even showing that it consulted the very people charged with administration (in the Clerk's Office)—the Village cannot demonstrate the Fee is constitutional. The assertions in the post-hoc affidavit submitted by the Village Attorney (Def.'s Reply Aff. ¶¶ 8-15) cannot link the Fee to administrative costs. The Village has already admitted it did not know—and indeed, did not even try to determine—the administrative costs when it passed the Fee ordinance in September 2019. It conducted no research or investigation into this matter. The Fee is arbitrary and unconstitutional, making summary judgment proper for Plaintiff.

4. **It is Undisputed that the Village's Most Recent Cost Estimates Are Entirely Speculative and Thus Fail the Constitutional Standard.**

The Village's estimates of different categories of expenses—***all of which were made months after the $200 Fee was passed into law***—cannot carry its burden to show the Fee is designed to equal the actual administrative costs of licensing solicitors. It is not enough for the Village's Attorney to submit a conclusory affidavit stating that the Fee consists of "reasonable projections" based on his years of legal practice. Def.'s Reply Aff. ¶¶ 14, 9. That is not competent evidence under Rule 56(e). *Omnipoint Commc'ns, Inc. v. Common Council of City of Peekskill*, 202 F. Supp. 2d 210, 213 (S.D.N.Y. 2002) (striking attorney affidavit filled with conclusory statements of law and fact that could not be in attorney's personal knowledge and were not supported by factual evidence). The Village has not cited any portions of the record demonstrating (a) *how long* it takes to perform each solicitor license task or (b) *how much* it costs the Village to perform each solicitor licensing task. The Village has not carried its evidentiary burden.

The Village's Reply Memorandum principally relies on a single case from the New York Court of Appeals to support its view that the $200 Fee need only be a "reasonable" guess. Def.'s Reply Mem., at 3. But that case, *Suffolk Builders Assoc.*, is entirely inapposite. Like other authorities cited by the Village, this case did not involve restrictions of a First Amendment right, did not raise a federal constitutional claim, and did not address a speech issue. *Suffolk Cty. Builders Ass'n, Inc. v. Suffolk Cty.*, 46 N.Y.2d 613 (1979). Indeed, the case did not even involve licensing costs. Instead, the plaintiffs challenged the sanitary inspection fees promulgated by the Suffolk County Health Commissioner under § 301 of the Suffolk County Sanitary Code. The case presented a regulatory challenge under state law, not a constitutional challenge under 42 U.S.C. § 1983. Because the Suffolk County Sanitary Code did not restrict First Amendment activity (or other fundamental constitutional rights),[5] the standard was simply a "reasonable" fit between expected departmental costs and the fees charged to inspect construction sites. *Id.* at 617, 621. And notably, unlike the Village, the government in that case performed a detailed study prior to setting its inspection fees. The study examined multiple factors, including actual costs from the prior year for the Health Department's engineering unit, and actual numbers from past inspections completed in the prior year. But here, the Village admits that it has no such studies. *See* Sections 2-3, *supra*. Thus, even if this case were analogous – and it is not – the Village would still fail the standard.

For license fees involving First Amendment activity, the standard is far more stringent. A municipality must justify a fee for a license on First Amendment speech with actual data and other concrete evidence, not simply conjectures or approximations. Courts have repeatedly invalidated

---

[5] When a governmental authority imposes fees or taxes which implicate fundamental rights, such as speech, a much stricter variety of judicial scrutiny is mandated. In the area of first amendment rights, in fact, taxes as such are plainly unconstitutional, since "a state may not impose a charge for the enjoyment of a right granted by the federal constitution." *Murdock v. Pennsylvania*, 319 U.S. 105, 113 (1943); *Lubin v. Panish*, 415 U.S. 709 (1974); *Bayside Enterprises, Inc. v Carson*, 450 F Supp 696, 704 (M.D. Fla. 1978).

fees when the purported administrative costs are speculative. *E.g.*, *Baldwin v. Redwood City*, 540 F. 2d 1360, 1371-72 (9th Cir. 1976) (assumptions underlying sign fees were "essentially arbitrary, bearing no relationship" to the actual cost of inspection of the political signs; the failure to apportion fees based on the city's actual costs demonstrated the fees were arbitrary); *Bayside Enterprises, Inc. v. Carson*, 450 F. Supp. 696, 705 (M.D. Fla. 1978) ("Although the City's witnesses explained their cost projections in terms of fixed manpower and equipment needs, none of the witnesses was able to tie his particular projections to specific administrative requirements in anything other than a speculative manner."); *Moffett v. Killian*, 360 F. Supp. 228, 232 & n.6 (D. Conn. 1973) (administrative costs based on estimates of clerk's annual salary were speculative because the "State failed to prove exactly what she did, and it leaves entirely to speculation whether or not all of her work was essential for the purposes of [the regulation]"); *Covenant Media*, 2005 WL 2277313, at *5 ("There is no evidence as to the City's actual costs of enforcing its billboard restrictions.") (invalidating billboard license fee).

It is undisputed that the Village's cost estimates are pure conjecture. The Village admitted that it does not know any of its administrative costs because ***it has never licensed a solicitor***. Ex. A, Village Dep. 113:10-21. The Village's Reply Affidavit admits the Village has no experience licensing commercial solicitors and cites deposition testimony affirming this inexperience. *See* Def.'s Reply Aff. ¶ 12 (citing Village Dep. 19). It is undisputed that the Village has no way of knowing how much time (and therefore how much expense) it will incur in issuing a solicitor license. Ex. A, Village Dep. 28:20-29:9. The hourly estimates in the most recent attorney affidavit are conclusory; they do not cite to any evidence in the record. *See* Def.'s Reply Aff. ¶¶ 10, 12. Rule 56 does not allow the Village to use attorney argument in the Reply Affidavit to contradict sworn 30(b)(6) testimony.

A municipality cannot justify a license fee based solely on speculation about administrative costs. The First Amendment requires far more. And the Village cannot escape this burden simply because it has a new ordinance. Instituting a new licensing regime does not excuse the municipality from justifying its fee with reference to actual data or other concrete evidence. *See AAK, Inc. v. City of Woonsocket*, 830 F. Supp. 99, 105 (D.R.I. 1993) ("The City admits that it has no experience with implementing the ordinance's restrictions, because plaintiff is the only adult cabaret in Woonsocket and is exempt from those requirements. The City has provided no estimates of projected man hours for enforcement of the provisions. Plaintiff has shown that there is no evidence at all in support of the differential license fee, and is therefore entitled to summary judgment."). Indeed, "the record must support the contention that the city has ***made reasonable efforts to ascertain the costs*** associated with the licensing program." *729, Inc.*, 515 F.3d at 510 (emphasis added).

As the Village admitted, it is only providing "an approximation" because it has "performed no studies" as to its administrative costs for solicitors. The estimates are pure speculation. Ex. A, Village Dep. 135:2-15; *see also id.* 43:3-12 (Village concedes no way to know cost to issue a solicitor license because Village has never issued one); *id.* 106:13-24 ("seventy-five dollar" enforcement cost estimate not made by Village Clerk; Village Clerk not consulted in making that approximation); *id.* 45:5-46:10 (Village has no knowledge of enforcement costs from 2017-2019 and conceded amount "could be zero"). The Village's Reply Affidavit does not (and cannot) controvert any of these sworn admissions by the Village.

It is also undisputed that the Village determined the $200 Fee amount by copying and pasting another municipality's ordinance—without doing any calculations specific to East Rockaway. The Village does not dispute that it copied the $200 Fee, ***verbatim***, from another

municipality's ordinance without any consideration of the Village's particular administrative costs. Ex. A, Village Dep. 71:8-72:2; Def.'s Reply Aff.; Ex. B, at 8 (RFA 10); Ex. C, at 4 (Response to RFA 10). Because the Village copied and pasted the Fee from another municipality, the Court should reject any post-hoc justifications based on administrative expenses. All these newly asserted "costs" are speculation, created after the fact to justify a $200 fee that was arbitrarily chosen. It is the Village's burden to justify the Fee amount. It has not done so.

## CONCLUSION

The Village has not attempted to controvert the material facts presented by Plaintiff. The material facts establish that the $200 Fee has no basis in actual administrative costs incurred by the Village. The Village does not know, and has not researched, its administrative costs. That lack of data and study renders any estimates by the Village Attorney purely speculative. As the proponent of the Fee, the Village had the burden to justify it with concrete evidence. Nothing in the factual record supports the $200 amount. The Court should therefore grant Plaintiff's Cross-Motion, declare the Fee unconstitutional, and permanently enjoin its enforcement.

Dated: May 11, 2020

Respectfully submitted,

Daniel E. DeCicco, Esq.
DARGER ERRANTE YAVITZ & BLAU LLP
116 East 27th Street at Park Avenue
New York, NY 10016
(212) 452-5300

*/s/ Kent D. Krabill*
Kent D. Krabill, admitted *pro hac vice*
Texas Bar No. 24060115
kkrabill@lynnllp.com
Samuel Clinton Cowan, admitted *pro hac vice*
Texas Bar No. 24109760
ccowan@lynnllp.com
**LYNN PINKER COX & HURST, LLP**

2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800

**Attorneys for Plaintiff
Aptive Environmental, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, a true and correct copy of the above and foregoing was served on all counsel of record via email. I further certify that Plaintiff's Cross-Motion, Memorandum and supporting exhibits, Defendant's Reply Memorandum and Reply Affidavit, and Plaintiff's Reply Memorandum were filed on ECF, in compliance with the Court's Individual Rule 4(B).

*/s/ Kent D. Krabill*
Kent D. Krabill