IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| APTIVE ENVIRONMENTAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 2:19-cv-03365-SJF-SIL |
| | § | |
| VILLAGE OF EAST ROCKAWAY, NEW YORK, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS TO
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Under 28 U.S.C. § 636(b)(1)(c) and Rules 6(a) and 72 of the Federal Rules of Civil Procedure, Defendant VILLAGE OF EAST ROCKAWAY respectfully submits the following objections to the Magistrate Judge's Report and Recommendations, issued on December 23, 2020.

### INTRODUCTION

Defendant objects to the Report and Recommendation denying Defendant's motion for summary judgment (DE[55]) in its entirety. Defendant also objects to the Report and Recommendation granting Plaintiff's cross-motion for summary judgment (DE[56]) in its entirety. Finally, Defendant objects to the Report and Recommendation finding that the $200 fee for an annual solicitation license under Chapter 171 of Defendant's Village Code is unconstitutional.

In arriving at these ultimate determinations, the Report and Recommendations wrongfully and completely rejected the sworn factual statements and documentary evidence submitted with Affidavit and Reply Affidavit of Defendant's Village Attorney, John E. Ryan. See DE[55-1], DE[55-15] and DE[56-6]. The Magistrate did so after specifically noting that such sworn

statements by an attorney made "under penalty of perjury in an affidavit . . . do constitute part of the evidentiary record and must be considered. Report and Recommendations at p. 11, citing Kulhawik v. Holder, 571 F.3d 296, 298 92d Cir. 2009), (emphasis supplied).

The Report and Recommendation incorrectly concluded these Affidavits "directly contradict the Village's Rule 30(b)(6) testimony and Defendant's discovery responses." Report and Recommendations at p. 12. As a result, the Magistrate wrongfully concluded these Affidavits would not be considered, for any purpose, on the motions because the Affidavits and accompanying Exhibits were prohibited by the so-called "sham issue of fact doctrine." Report and Recommendation at pp. 11-15.

## DEFENDANT'S $200 LICENSE FEE IS CONSTITUTIONAL

In response to this litigation, Defendant recently amended its Code regarding solicitation. Specifically, the Code provision regarding fees was amended to provide:

> §171.3. License Fee
> All applications must be accompanied by a $200.00 fee payable to the Clerk Village of East Rockaway. This fee will be applied to:
> a) processing costs;
> b) criminal background checks;
> c) maintenance of the "No Knock" list; and
> d) enforcement of the provisions of the Code. [DE 55-2]

As was stated in the Village Attorney's Affidavit regarding the "criminal background check" component of the fee, private investigators that he has utilized in the past charge at least one hundred ($100.00) for such a service. DE[55-1] at ¶ 7. As was also noted, Plaintiff itself previously conceded in this litigation that criminal background checks on Long Island range from $100 to $125, Declaration of Pierson "Pierse" Baldwin, DE [40-1] at ¶ 19, p. 870. Finally, the Defendant's Village Attorney's Affidavit also attached documentary evidence from the New York

State Office of Court Administration ("OCA") that it charges a $95.00 fee just for a New York Statewide criminal history search. See DE 55-1 at Exhibit "B".

<u>None of this evidence contradicted anything in the Defendant's deposition or its discovery responses.</u>

Similarly, it is undisputed and uncontradicted that Defendant's deposition, which was given by its VILLAGE Clerk, confirmed her salary, with benefits, to be $123,000.00 annually. The Superintendent of Buildings, who is responsible for Code enforcement, has an annual salary with benefits of $121,000.00. Nor was there any contradiction in any of Defendant's discovery responses that these annual salaries equate to an hourly rate of pay equal to about $65.00. Nor was there any contradiction with the projection set forth in the Village Attorney's Affidavit that the VILLAGE Clerk and Superintendent of Buildings could expend up to an hour each in the processing of a solicitation license application, maintenance of the "no-knock" list and enforcement. As such, the Defendant's projected expense above the criminal background check costs would be an additional $130.00. DE 55-1 at ¶ 9, thereby making Defendant's costs in excess of the $200 fee.

The Magistrate Judge's Report and Recommendations specifically acknowledged that the recent amendment to the Defendant's Code, including the fee provision, was prepared by its Village Attorney; that the Defendant relied upon the VILLAGE Attorney's work product in adopting this fee provision; and that the Defendant consulted solely with the Village Attorney in so adopting it. Report and Recommendations at pp. 13-14. In fact, the record is clear that the Village Attorney was the <u>only</u> individual involved in determining the $200.00 fee amount on behalf of the Defendant. DE 55-15 at ¶ 6.

The Defendant's Code provisions are substantively identical to those contained in Chapter 47 of the Village Code of Floral Park, New York, both of which "were based upon the 'model code' provided by Plaintiff's former counsel, Jeremy Fielding, Esq." Id at ¶ 7. The Floral Park Code, including the provision regarding the $200 license fee, were the subject of a stipulation of settlement, which was so-ordered by Judge Bianco in another action brought by Plaintiff in this Court. See, *Aptive Environmental, LLC v. Floral Park,* 18-cv-4690, Document No. 27. The Village Attorney for Floral Park, who is the same attorney as Defendant's Village Attorney (John E. Ryan, Esq.), utilized the same methodology when determining Defendant's fee as was used in determining the fee in the amended Floral Park Code.

It is undisputed that no commercial solicitation licenses had been sought or issued in the Defendant VILLAGE for many years. DE [55-15], Exhibit "A", at p. 18-26. With the exception of one company, only one such application has been received by the Defendant for a commercial solicitation license under the amended Code provisions. Id. The $100 plus cost for the criminal background check, as well as the processing and enforcement expenses, clearly were based on reasonable projections to establish the total license fee of $200.

There will be multiple steps in the licensing process, including intake, review by staff, counsel and the Board of Trustees, as well as time spent on generating and continually updating the "No-Knock list." Id. at pp. 26-28; 85; 121-124. Because no commercial solicitation license has been issued under the new Code provisions, exact costs do not exist. Id at pp. 22; 42-43; 82-85. However, these estimated costs are more than reasonable and are directly related to the VILLAGE's actual expenses. As such, the unrefuted evidence in the record is that the likely costs, including the criminal background check, will be at least $200. Id. at p. 63; 113. Therefore, Defendant's $200 license fee is constitutional.

## CONCLUSION

The Report and Recommendations "acknowledges that a fee, in some amount, may be constitutionally valid . . ."   Defendant objects to the Report and Recommendations conclusion that it did not provide "evidence sufficient to justify" the $200.00.   Report and Recommendation at p. 17.  It also objects to the Report and Recommendations conclusion that the "Defendant has not done the requisite research and analysis." Id.   Defendant also objects to the conclusion that it did not show its fee to be constitutional through evidence appropriately cited to at summary judgment. Id.

Dated: Floral Park, New York
       January 4, 2021

                                        Respectfully submitted
                                        RYAN, BRENNAN & DONNELLY, LLP

                                        By _____
                                             JOHN E. RYAN (JR3935)
                                        *Attorneys for Defendant*
                                        *VILLAGE OF EAST ROCKAWAY*
                                        131 Tulip Avenue
                                        Floral Park, New York   11001
                                        (516) 328-1100

## CERTIFICATE OF SERVICE

I certify that on January 4, 2021, my office served, via the Court's ECF system, and by e-mailing, the foregoing **DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS** on the following:

> Clinton Cowan, Esq.
> LYNN PINKER COX & HURST, LLP
> *Attorneys for Plaintiff*
> 2100 Ross Avenue – Suite 2700
> Dallas, Texas  75201

_____
John E. Ryan
*Attorney for Defendant*