UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
APTIVE ENVIRONMENTAL, LLC,

                    Plaintiff,

    -against-

VILLAGE OF EAST ROCKAWAY, NEW YORK,

                    Defendant.
------------------------------------------------------------------X

ORDER
19-CV-3365(SJF)(SIL)

FILED
CLERK
11:08 am, Mar 05, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of defendant Village of East Rockaway, New York ("defendant" or the "Village") to the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated December 23, 2020 ("the Report"), which recommends: (i) denying the Village's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking to dismiss the claims of plaintiff Aptive Environmental, LLC ("plaintiff" or "Aptive") in the second amended complaint in their entirety; and (ii) granting Aptive's cross motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its claims in the second amended complaint seeking (A) judgment declaring that the Village's two hundred dollar ($200) solicitation fee (the "Solicitation Fee"), found at §§ 171-3 and 171-5(A) of the Village Code, violates the First Amendment rights of Aptive, others similarly situated, and Village residents, both facially and as applied, and (B) a permanent injunction barring enforcement of the Solicitation Fee. For the reasons set forth below, the Report is accepted in its entirety.

1

I. Discussion

    A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

    B. The Village's Objections

The Village contends, *inter alia*, that Magistrate Judge Locke erred: (i) in "completely reject[ing] the sworn factual statements and documentary evidence submitted with Affidavit and Reply Affidavit of Defendant's Village Attorney, John E. Ryan," (Def. Obj. at 1); (ii) in

"wrongfully conclud[ing] these Affidavits would not be considered, for any purpose, on the motions because the Affidavits and accompanying Exhibits were prohibited by the so-called 'sham issue of fact doctrine,'" (*id.* at 2); and (iii) in concluding that the Village "did not provide 'evidence sufficient to justify' the $200.00 [Solicitation Fee,] . . . that the 'Defendant has not done the requisite research and analysis' . . . [and] that it did not show its fee to be constitutional through 'evidence appropriately cited to at summary judgment.'" (*Id.* at 5 [quoting Report at 17]).

Contrary to the Village's assertion, Magistrate Judge Locke did not conclude that the affidavits "would not be considered, for any purpose." (Def. Obj. at 2). Rather, Magistrate Judge Locke correctly declined to consider the affidavits to the extent that they contradict the Village's previous deposition testimony and discovery responses. (Report at 12 and 15). Magistrate Judge Locke did, however, consider the assertions in the affidavits that did not contradict the Village's prior deposition testimony, but properly found, *inter alia,* that they only "provided generalizations and unsupported estimations as to how the Village decided on the Fee amount," and that "the only numbers cited are the salaries of Village employees likely to work on the issuance of solicitation licenses. . . . However, such figures are provided in conjunction with approximations as to the number of hours the Village predicts those employees will work in this context, without consulting those employees." (*Id.* at 17).

The Court also agrees with Magistrate Judge Locke, *inter alia*, (i) "that there are no triable issues of fact as to Plaintiff's claim that the [Solicitation] Fee violates Aptive's free speech rights as a matter of law, and summary judgment in Aptive's favor is appropriate[,]" (Report at 15); (ii) that the Village, which, as the entity imposing the Solicitation Fee, "has the burden of proving that the fee equals the costs associated with the regulatory scheme," *Turley v.*

3

*New York City Police Dep't*, 988 F. Supp. 667, 674 (S.D.N.Y. 1997); *see, e.g. E. Connecticut Citizens Action Grp. v. Powers*, 723 F.2d 1050, 1056 (2d Cir. 1983) (holding that the DOT's administrative fee could not be sustained absent "evidence that the administrative fee charged and to be charged to plaintiffs is equal to the cost incurred or to be incurred by defendants for processing plaintiffs' request to use the property under DOT's control"), "fails to set forth sufficient documentary or testimonial evidence to show that the [Solicitation] Fee is designed to defray, and does not exceed, the administrative costs of regulating solicitor licensing[,]" (Report at 16); and, thus, (iii) that the Solicitation Fee is unconstitutional. (*Id.* at 17). Accordingly, upon consideration of the Village's objections and Aptive's responses thereto, and *de novo* review of the findings and conclusions in the Report to which the Village specifically objects, as well as all motion papers and the entire record, the Village's objections are overruled and those branches of the Report are accepted in their entirety.

  C. Remainder of Report

There being no clear error on the face of the Report with respect to the findings and conclusions of Magistrate Judge Locke to which no specific timely objections are interposed, those findings and conclusions are accepted in their entirety.

II. Conclusion

For the reasons set forth above, the Village's objections are overruled, the Report is accepted in its entirety and, for the reasons set forth therein, (i) the Village's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking to dismiss Aptive's claims in the second amended complaint in their entirety is denied; (ii) Aptive's cross

motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on its claims in the second amended complaint seeking (A) judgment declaring that the Village's Solicitation Fee, found at §§ 171-3 and 171-5(A) of the Village Code, violates the First Amendment rights of Aptive, others similarly situated, and Village residents, both facially and as applied, and (B) a permanent injunction barring enforcement of the Solicitation Fee, is granted; and (iii) Aptive is granted judgment as a matter of law (A) declaring that the Village's Solicitation Fee, found at §§ 171-3 and 171-5(A) of the Village Code, violates the First Amendment rights of Aptive, others similarly situated, and Village residents, both facially and as applied, and (B) permanently enjoining the Village, and its agents and employees, from enforcing the Solicitation Fee found at §§ 171-3 and 171-5(A) of the Village Code against Aptive and others similarly situated. Aptive shall advise the Court, in writing, whether it intends to pursue its claim for damages in the second amended complaint **by no later than March 19, 2021**, or it will be deemed to have abandoned its claim for damages and final judgment will be entered in accordance with this Order. The Telephone Status Conference scheduled to be held before the undersigned on March 15, 2021 **is adjourned to April 14, 2021 at 9:30 a.m.** At the designated time, the Parties shall call Chambers' teleconferencing number, **(877) 336-1280**, and follow the automated instructions; the access code is: **7215690**.

SO ORDERED.

                                                            /s/
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated: March 5, 2021
       Central Islip, New York