UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

APTIVE ENVIRONMENTAL, LLC,

                        Plaintiff,           **REPORT AND**
                                   **RECOMMENDATION**
   -against-

VILLAGE OF EAST ROCKAWAY,         19-CV-3365 (DRH) (SIL)
NEW YORK,

                        Defendant.
-----------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Denis R. Hurley, is Aptive Environmental, LLC's ("Aptive" or "Plaintiff") motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 ("Section 1988") and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54 after a successful outcome in litigation.  *See* Plaintiff's Memorandum in Support of Its Motion for Attorneys' Fees and Expenses ("Pl. Mem."), DE [75-1].  Specifically, Plaintiff is seeking $179,701.50 in attorneys' fees and $10,683.13 in expenses.[1]  *See* Pl. Mem. at 5; Plaintiff's Reply Brief in Support of Motion for Attorneys' Fees and Expenses, DE [79], ("Pl. Reply") at 5.  Aptive also submits a bill of costs in the amount of $1,488.48 for taxation against Defendant pursuant to 28 U.S.C. § 1920 ("Section 1920") and Local Civil Rule 54.1.  *See* DE [77] ("Bill of Costs").  By way of Complaint dated June 6, 2019, later modified by an Amended Complaint dated June 12, 2019, and again by a Second Amended Complaint dated December 13, 2019, Plaintiff commenced this action against the Village of East

---

[1] Aptive initially sought $11,158.57 in expenses but withdrew its request for $475.44 in certain airfare and hotel costs on reply.  *See* Pl. Reply at 5.

1

Rockaway ("the Village" or "Defendant"), alleging violations of the First and Fourteenth Amendments and seeking a declaratory judgment and permanent injunction voiding the Code of the Incorporated Village of East Rockaway ("Village Code" or "Code") §§ 171-14, 171-16 and 171-18, as well as damages in connection with these claims. *See* Complaint ("Compl."), Docket Entry ("DE") [1]; Amended Complaint ("Am. Compl."), DE [12]; Second Amended Complaint ("SAC"), DE [44]. For the reasons set forth below, the Court recommends granting Plaintiff's motion in part and denying it in part, and awarding $166,560.75 in reasonable attorneys' fees, $1,471.81 in reasonable expenses and $3,386.70 in taxable costs.

## I.    BACKGROUND

### A. Relevant Facts

The following facts are taken from the parties' pleadings and submissions, and are undisputed except where otherwise noted.

Aptive is a Utah limited liability company that performs pest control services, with offices throughout the United States. *See* SAC ¶ 10; December 23, 2020 Report and Recommendation re DE [55], Defendant's Motion for Summary Judgment, and [56], Plaintiff's Cross Motion for Summary Judgment, DE [58] ("R&R") at 2. Plaintiff serves markets throughout New York, including the Village, and its sales are made primarily through door-to-door solicitations by its sales representative employees. R&R at 2. All sales representatives must apply for, and receive, solicitation licenses in any city, town or village that requires such permits before commencing sales work. *Id.*

Prior to June 2019, the Village enforced a 5:00 p.m. solicitation curfew and a $2,500 bond on solicitation, as well as a $20 fee for an annual solicitor license, via Chapter 171 of the Code. *Id.*; SAC Exhibit ("Ex.") O, DE [44-3]. As a result of Judge Feuerstein's July 16, 2019 Order granting Plaintiff a preliminary injunction enjoining the Defendant from enforcing §§ 171-14, 171-16 and 171-18 of the Code, the Village amended Chapter 171 in September 2019. *See* July 16, 2019 Order, DE [24]; R&R at 2-3. The amendment removed the curfew and bond requirements and added a $200 fee for solicitor licenses at Village Code §§ 171-3 and 171-5(A) (the "Solicitation Fee" or "Fee"). R&R at 3; SAC Ex. R, DE [44-6]. Although the Code was subsequently further amended, the Solicitation Fee was to be paid by each applicant for a license approval. R&R at 3.

### B. Procedural History

Based on the above, Plaintiff commenced this action on June 6, 2019 against the Village seeking declaratory and injunctive relief along with damages and attorneys' fees alleging that the solicitation ban, bond and curfew at Village Code §§ 171-14, 171-16 and 171-18 violated its commercial speech rights under the First and Fourteenth Amendments. *See* Compl.

On June 12, 2019, Aptive filed an Amended Motion for a Temporary Restraining Order ("TRO"). *See* DE [13]. Judge Feuerstein entered an order to show cause for a TRO and preliminary injunction on June 14, 2019, directing Defendant to show why it should not be preliminarily enjoined and restrained from enforcing the Village Code sections at issue. *See* DE [14]. Following Defendant's response to the

order to show cause, DE [16], and its Answer to the Amended Complaint, DE [23], Judge Feuerstein granted Plaintiff's application for a preliminary injunction on July 16, 2019, precluding Defendant from enforcing the relevant sections of the Village Code. *See* DE [24].

As a result, the Village revised its Code to remove the solicitation ban, bond and curfew at §§ 171-14, 171-16 and 171-18 and to add the $200 Solicitation Fee at §§ 171-3 and 171-5(A), and in response, on October 28, 2019, Plaintiff moved for leave to amend its Amended Complaint. *See* DE [40]. On December 11, 2019, this Court granted Aptive's motion, and Plaintiff filed its Second Amended Complaint on December 13, 2019, alleging that the Fee found at Village Code §§ 171-3 and 171-5(A) continued to violate the First and Fourteenth Amendments, and sought declaratory relief, a permanent injunction and damages. *See* DE [43]; SAC. Discovery followed, which included one deposition of the Village pursuant to Fed. R. Civ. P. 30(b)(6). *See* Pl. Mem. at 16; Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees and Expenses ("Def. Opp."), DE [79] at 8.

On May 11, 2020, the parties filed cross-motions for summary judgment, and each side opposed the other's motion. *See* DEs [55], [55-14], [56], [56-5]. Judge Feuerstein referred the motions to this Court for report and recommendation. *See* May 11 and May 12, 2020 Electronic Orders Referring Motions. The Court recommended denying the Village's motion for summary judgment and granting Aptive's motion in its entirety. *See* R&R. On March 5, 2021, Judge Feuerstein adopted the R&R, and judgment was entered against Defendant declaring that the

4

Solicitation Fee violated Plaintiff's First Amendment rights, as well as the rights of others similarly situated and Village residents, both facially and as applied, and permanently enjoined the Defendant, its agents and employees from enforcing the Fee requirement. *See* DE [66]. In addition, Plaintiff's remaining claim for damages was voluntarily dismissed after it informed the Court it was no longer pursuing such relief. *See* DEs [63], [66]. The Village appealed, and the Second Circuit affirmed the District Court's judgment. *See* DE [76].

The case was subsequently reassigned to Judge Hurley, and on February 16, 2022, Aptive filed the instant motion for attorneys' fees and costs pursuant to Section 1988 seeking $179,701.50 in attorneys' fees and $10,683.13 in expenses. *See* Pl. Mem.; Pl. Reply. Plaintiff also filed a bill of costs for taxation in the amount of $1,488.48. *See* Bill of Costs. Defendant opposed. *See* Def. Opp. On February 17, 2022, Judge Hurley referred the motion to this Court for report and recommendation. *See* February 17, 2022 Electronic Order. For the reasons set forth below, the Court respectfully recommends granting Plaintiff's motion in part and denying it in part.

## II.    DISCUSSION

Plaintiff seeks $179,701.50 in attorneys' fees, including fees for filing the instant motion. Pl. Mem. at 5; Pl. Reply at 5. This is comprised of $158,719 in fees incurred from Lynn Pinker Hurst & Schwegmann ("LPHS"), primary counsel located in Texas, and $20,982.50 in fees incurred from Darger Errante Yavitz & Blau ("DEYB"), local counsel. Declaration of Kent D. Krabill in Support of Plaintiff's Motion for Attorneys' Fees and Expenses, DE [75-4], ("Krabill Decl.") ¶ 5; Declaration

of Daniel E. DeCicco in Support of Plaintiff's Motion for Attorneys' Fees and Expenses, DE [75-2], ("DeCicco Decl.") ¶ 7.  LPHS billed hourly rates at $600 for Partner Kent D. Krabill ("Krabill"), $550-$600 for former Counsel Jeremy Fielding ("Fielding"), $385-$395 for former Associate Johnathan Kelley ("Kelley"), $325-$345 for Associate Clint Cowan ("Cowan"), $325 for former Associate Natalie Washington ("Washington"), and $200-$240 for Paralegals Steve Russo ("Russo"), Kharishma Patel ("Patel") and Karyn Cooper ("Cooper"). Krabill Decl. ¶¶ 10-11.  DEYB billed hourly rates at $375 for Partner Daniel E. DeCicco ("DeCicco"), $250 for Associate Lauren Watt ("Watt"), $200 for Associate Lauren A. Mendoza ("Mendoza"), and $150 for Paralegals Nathaniel K. Gordon ("Gordon") and Jacklyn M. Henning ("Henning"). DeCicco Decl. ¶ 12.  In support of its application, Plaintiff submits declarations prepared by DeCicco and Krabill and contemporaneous billing records broken down by timekeeper, date, hours expended and nature of work.  *See* Pl. Mem. Exhibits ("Exs.") 1-4.

Plaintiff also seeks $10,683.13 in expenses, which is comprised of $9,920.39[2] in costs incurred from LPHS and $762.74 in costs incurred from DEYB.   These expenses include legal research, postage and shipping, photocopying, airfare, transportation, meals and lodging, and Aptive provides detailed invoices which are broken down by date, amount, and nature of charge.  *See* Pl. Mem. Exs. 1-4.  Plaintiff also submits a bill of costs pursuant to Section 1920 for taxable expenses and supporting invoices for a deposition transcript and printing and binding for courtesy

---

[2] As set forth above, this value deducts $475.44 in certain airfare and hotel expenses that Aptive withdrew on reply.  *See* Pl. Reply at 5.

copies for the Court totaling $1,488.48.  *See* Bill of Costs, Exs. A-D.  For the reasons set forth below, the Court recommends granting Aptive's motion in part and denying in part, and awarding Plaintiff $166,560.75 in reasonable attorneys' fees, $1,471.81 in reasonable expenses and $3,386.70 in taxable costs.

### A. Section 1988

Under 42 U.S.C. § 1988(b), in civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  To qualify as a prevailing party, a plaintiff requesting attorneys' fees must "receive at least some relief on the merits of his claim" that creates a "material alteration of the legal relationship of the parties . . . ."  *Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Re*s., 532 U.S. 598, 604, 121 S. Ct. 1835, 1839-40 (2001) (internal citations and quotations omitted).  As such, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109, 113 S. Ct. 566, 572 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).  Specifically, in the context of an injunction, "a decision to award attorney's fees requires an analysis of whether the party's relief . . . resulted from a determination of the merits."  *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997).  Once the plaintiff has established that she is a prevailing party under Section 1988, the court must consider what fee award is "reasonable."  *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 250 (E.D.N.Y. 2020).

Applying the standards outlined above, the Court concludes that Plaintiff is a prevailing party such that it is entitled to attorneys' fees and costs under Section 1988. Aptive succeeded at every stage of this litigation. The Court entered two TROs, a preliminary injunction, a permanent injunction and a declaratory judgment in Plaintiff's favor on the merits finding the Village's Solicitation Fee violated Aptive's and the Village residents' First Amendment rights both facially and as applied, and enjoined Defendant from enforcing the Solicitation Fee, curfew, bond and ban. *See* DEs [5], [14], [24], [62], and [66]; Pl. Mem. at 8-9. The Second Circuit affirmed the District Court's Judgment in all respects. *See* DE [76]. While Plaintiff voluntarily withdrew its claim for damages, as the Village notes in opposition, Def. Opp. at 6, Aptive still achieved its main objective in this litigation barring the Village's unconstitutional restrictions on commercial solicitation, and the legal relationship between Plaintiff and Defendant has been materially altered as anyone in the Village, including Plaintiff, can now engage in door-to-door solicitation without an unconstitutional curfew, bond, ban or fee. Pl. Mem. at 8-9; Pl. Reply at 2-3. Accordingly, the Court recommends concluding that Aptive is a prevailing party entitled to reasonable attorneys' fees and costs, which are calculated below.

## B. Reasonable Fees

To determine reasonable attorneys' fees and costs, the Supreme Court and the Second Circuit have held that the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *Lilly v. City of New York*, 934 F.3d 222, 230-231 (2d Cir. 2019); *Millea*

*v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53, 130 S. Ct. 1662, 1673 (2010). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly*, 934 F.3d at 231.  This method "produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551, 130 S. Ct. at 1672.

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Maldonado v. Srour*, No. 13-CV-5856 (ILG)(JO), 2016 WL 5864587, at *1 (E.D.N.Y. Oct. 6, 2016).  "The moving party must support its application by providing contemporaneous time records that detail for each attorney, the date, the hours expended, and the nature of the work done." *Torcivia*, 437 F. Supp. 3d at 250-51 (quoting *Riley v. City of New York*, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015) (internal quotation marks omitted)).  "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 212 (E.D.N.Y. 2019) (citation omitted).

### i.  Reasonable Hourly Rate

Under the "forum rule," the reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015); *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011).  To determine this amount, courts consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*ComLab, Corp. v. Kal Tire*, No. 17-cv-1907, 2019 WL 2144307, at *4 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2137135 (S.D.N.Y. May 16, 2019) (citations omitted).  Separate findings for each factor, however, are unnecessary.  *See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, No. 09-cv-3096, 2019 WL 4565099, at *5 (S.D.N.Y. Sept. 19, 2019) (citation omitted). Rather, the factors should be considered together, and no one factor is dispositive.  *See id.* (citing *C.B. v. New York City Dep't of Educ.*, No. 18-cv-7337, 2019 WL 3162177, at *5 (S.D.N.Y. Jul. 2, 2019)).

In applying the "forum rule," the district courts in this Circuit have recognized that no bright line exists between reasonable rates for the Eastern and Southern Districts of New York.  Indeed, judges in this District have observed that the two

10

districts "form a unitary market for legal services." *Luca v. County of Nassau*, 698 F. Supp. 2d 296, 300-01 (E.D.N.Y. 2010); *see also United States v. Sixty-One Thousand Nine Hundred Dollars and No Cents*, 856 F. Supp. 2d 484, 492 (E.D.N.Y. 2012). While "fees have been awarded in the Eastern District of New York at hourly rates of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals in fee-shifting cases," *Feltzin*, 393 F. Supp. 3d at 212; *Torcivia*, 437 F. Supp. 3d at 251-52, there is also precedent within this District awarding rates as high as $600 depending upon the experience of the lawyer and complexity of the matter. *See Centro de la Comunidad Hispana de Locust Valley*, 2019 WL 2870721, at *6 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, No. 10-CV-2262 (DRH), 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding $500 and $600 hourly fees in civil rights matter); *Sixty-One Thousand Nine Hundred Dollars and No Cents*, 856 F. Supp. 2d at 494 (awarding hourly rates of $600 for partner and $400 for associate in forfeiture matter).

Applying the standards outlined above, Plaintiff has sufficiently demonstrated that the hourly rates charged in this matter are reasonable. Aptive hired LPHS as primary counsel and DEYB as local counsel in this action involving complex questions of commercial speech under the First Amendment. The firms billed at hourly rates between $375-$600 for partners and counsel, each with more than 15 years of experience practicing law and litigating similar cases. *See* DeCicco Decl. ¶ 12; Krabill Decl. ¶ 10. The firms charged between $200-$395 for associates and $150-$240 for paralegals who completed the bulk of the work. DeCicco Decl. ¶ 12; Krabill Decl. ¶¶

10-11.  Given the complexity of the case, the attorneys' experience litigating similar matters, zealous litigation of this matter from both sides, successful results by Plaintiff at every stage of litigation, and the fact that Aptive has been a longstanding client of the firms for over five years and has already paid most of the invoices submitted to the Court demonstrates the hourly rates charged were reasonable.  *See* Pl. Mem. at 10-14.  Accordingly, the Court recommends finding the billing rates for Aptive's attorneys reasonable as follows:

| Name | Title | Firm | Rate |
|------|-------|------|------|
| Krabill | Partner | LPHS | $600 |
| Fielding | Counsel | LPHS | $550-$600 |
| Kelley | Associate | LPHS | $385-$395 |
| Cowan | Associate | LPHS | $325-$345 |
| Washington | Associate | LPHS | $325 |
| Russo | Paralegal | LPHS | $240 |
| Patel | Paralegal | LPHS | $200 |
| Cooper | Paralegal | LPHS | $225 |
| DeCicco | Partner | DEYB | $375 |
| Mendoza | Associate | DEYB | $200 |
| Watt | Associate | DEYB | $250 |
| Gordon | Paralegal | DEYB | $125 |
| Henning | Paralegal | DEYB | $125 |

  *ii.  Travel*

12

As to the hourly rate for travel, "travel time is appropriately reimbursed at one-half of the determined hourly rate." *Cabrera v. Schafer*, No. 12-6323 (ADS)(AKT), 2017 WL 9512409, at *13 (E.D.N.Y. Feb. 17, 2017) (citing *Hugee*, 852 F. Supp. 2d at 302); *see also Perdue*, 559 U.S. at 548, 130 S. Ct. at 1670; *Torcivia*, 437 F. Supp. 3d at 250. Based on the recommended hourly rates for the attorneys who billed travel time in this case, the Court recommends a 50% rate reduction for travel hours that Aptive submitted as follows:

| Name | Hourly Rate | Travel Rate |
|---|---|---|
| Fielding | $550 | $275 |
| Kelley | $395 | $197.50 |
| DiCicco | $375 | $187.50 |
| Cowan | $325-$345 | $162.50-$172.50 |

### iii. Reasonable Hours

The next consideration is whether the hours expended by counsel are reasonable. The Court relies on its experience with this case, and its "experience with the practice of law, to assess the reasonableness of the hours spent[.]" *Div. 1181 Amalgamated Transit Union—New York Emps. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 619 (E.D.N.Y. 2017) (internal quotation marks and citations omitted). The critical inquiry is "whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Cocuzza v. Rockland Cnty., New York,* 17CIV8217KMKPED, 2019 WL 6498915, at *5 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted*, 17CV8217KMKPED, 2019 WL

13

6498092 (S.D.N.Y. Dec. 2, 2019) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)); *Torcivia*, 437 F. Supp. 3d at 253.

Moreover, a district court can award attorneys' fees for hours expended on a fee application, known as "fees on fees," so long as the hours expended are reasonable. *See Lilly*, 934 F.3d at 235; *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017); *Anderson v. County of Suffolk*, 2016 WL 1444594, CV 09-1913 (GRB), 2016 WL 1444594, at *9 (E.D.N.Y. Apr. 11, 2016). And while matters where multiple attorneys are used are not *per se* unreasonable, *see Held & Hines LLP v. Hussain*, No. 16-cv-05273, 2019 WL 5722128, at *6 (S.D.N.Y. Aug. 7, 2019), *report and recommendation adopted as mod.*, 2019 WL 4727465 (S.D.N.Y. Sept. 27, 2019), courts should consider "the number of attorneys assigned to staff particular matters or events" in awarding attorneys' fees. *See Centro de la Comunidad Hispana de Locust Valley*, 2019 WL 2870721, at *7. A district court in is not obligated to undertake a line-by-line review of a fee application however. *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Instead, a party seeking an award of attorneys' fees bears the burden to demonstrate "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *E. Sav. Bank, FSB v. Beach*, No. 13-cv-0341, 2014 WL 923151, at *14 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted).

Applying these standards, the Court concludes that the total hours billed by Aptive's attorneys in this case, including travel time, were reasonable. Plaintiff

provided sufficiently detailed billing records seeking reimbursement for 353.9 attorney hours and 77.7 paralegal hours for LPHS, Krabill Decl. ¶¶ 10, 12, and 66.35 attorney hours and 13.2 paralegal hours for DEYB.  DeCicco Decl. ¶¶ 11, 13.  The request includes time spent:  (i) researching and drafting the Complaint which Aptive successfully moved to amend in response to the Village modifying the relevant municipal code, two TRO briefs, a preliminary injunction brief, a summary judgment brief and opposition to Defendant's cross-motion, and an appellate brief; (ii) traveling for and attending court appearances and oral argument on the TROs, preliminary injunction, and appeal; (iii) preparing for and taking a Rule 30(b)(6) deposition of the Village; and (iv) filing the instant motion.  Pl. Mem. at 5-7; *see generally* DEs [1], [6], [12], [13], [44], [55], [56], [67], and [75].  While Defendant contends that Aptive submitted invoices for multiple attorneys and paralegals and that certain time entries for conferences and appearances include more than one attorney, Def. Opp. at 8-9, based on the Court's review of the submitted records, Plaintiff has met its burden to demonstrate that the hours its attorneys and paralegals spent on matters were reasonable.  This is particularly true in light of the complexity of the subject matter and multiple rounds of motion practice, including an appeal to the Second Circuit.  Moreover, the majority of the hours billed were by associates and paralegals with modest supervision from the partners on this case, and the adequately detailed billing entries demonstrate reasonable time expenditures for which the client has already paid.  Pl. Mem. at 11; *see* Pl. Mem. Exs. 2 and 4.  Accordingly, the Court recommends finding that the total hours spent by Aptive's attorneys reasonable as follows:

| Name | Total Hours | Travel Hours[3] |
|---|---|---|
| Krabill | 32.5 | |
| Fielding | 38.9 | 2.2 at $275 |
| Kelley | 59.8 | 12.9 at $197.50 |
| Cowan | 201.6 | 9.8 at $162.50, 42.8 at $172.50 |
| Washington | 21.1 | |
| Russo | 50.1 | |
| Patel | 22.1 | |
| Cooper | 5.5 | |
| DeCicco | 32.3 | 5.4 at $187.50 |
| Mendoza | 25.85 | |
| Watt | 8.2 | |
| Gordon | 12.9 | |
| Henning | .3 | |

    *iv.  Summary on Attorneys' Fees*

Based on the analysis set forth above, below is a summary of the Court's recommended award for reasonable attorneys' fees in this case:

| Name | Rate | Hours[4] | Travel Fees | Total Fees |
|---|---|---|---|---|
| Krabill | $600 | 32.5 | | $19,500 |
| Fielding | $550-$600 | 27.7 at $550 9 at $600 | $605 | $21,240 |

---

[3] Certain time entries Plaintiff submitted regarding travel include other activities, but because block billing was used, the Court cannot determine the appropriate allocation.  Accordingly, all time entries that indicated travel are included in the above table to be assigned at the lower rate for "travel hours."

[4] Hours spent on travel are excluded from relevant timekeepers.

| Kelley | $385-$395 | 1.8 at $385 45.1 at $395 | $2,547.75 | $21,055.25 |
| Cowan | $325-$345 | 6.2 at $325 142.8 at $345 | $8,975.50 | $60,256.50 |
| Washington | $325 | 21.1 | | $6,857.50 |
| Russo | $240 | 50.1 | | $12,024 |
| Patel | $200 | 22.1 | | $4,420 |
| Cooper | $225 | 5.5 | | $1,237.50 |
| DeCicco | $375 | 26.9 | $1,012.50 | $11,100 |
| Mendoza | $200 | 25.85 | | $5,170 |
| Watt | $250 | 8.2 | | $2,050 |
| Gordon | $125 | 12.9 | | $1,612.50 |
| Henning | $125 | .3 | | $37.50 |

Accordingly, the Court recommends granting Aptive's motion in part on this issue and awarding Plaintiff $166,560.75 in reasonable attorneys' fees.

### C. Reasonable Expenses

Next, the Court must determine reasonable expenses. The Second Circuit has held that for a prevailing plaintiff, "attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). It is well-established that "expenses recoverable under fee-shifting statutes such as 42 U.S.C. § 1988 are not limited to the costs taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1." *Garcia v. City of New York*, No. CV 11-2284, 2013 WL 5574507, at *9 (E.D.N.Y. Oct. 9, 2013). "Identifiable, out-of-pocket disbursements for items such as photocopying,

17

travel, and telephone costs are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate." *Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir. 1987).  Court filing fees, process servers, postage, and transcripts are also recoverable.  *Hanover Ins. Co. v. D'Angelo*, No. CV 13-4301, 2018 WL 2729248, at *2 (E.D.N.Y. Mar. 23, 2018) (citation omitted).

Some costs, such as "meals that are not required by out of town travel are not compensable," however.  *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *13 (S.D.N.Y. Aug. 9, 2018) (citation omitted); *see also Alcea v. City of New York*, 272 F. Supp. 3d 603, 613 (S.D.N.Y. 2017) (noting that meals are "generally not recoverable").  Moreover, while "local transportation" costs may "ordinarily be recovered as part of a fee award," *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012), "[t]ravel costs may be denied where a party chooses out-of-district attorneys," as Plaintiff did here.  *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 345 (S.D.N.Y. 2016) (quoting *Pall Corp. v. 3M Purification, Inc.*, No. 03-CV-92, 2012 WL 1979297, at *8 (E.D.N.Y. June 1, 2012)) (alteration in original).  "[T]he Second Circuit has instructed that defendants should not be penalized for a plaintiff's choice of out-of-district counsel, unless 'the case required special expertise beyond the competence of forum district law firms.'"  *Congregation Rabbinical Coll.*, 188 F. Supp. 3d at 345 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009)) (citations omitted).

18

Finally, under Section 1920 and Local Civil Rule 54.1, a party must file a bill of costs for expenses that are taxable which include, "printed or electronically recorded transcripts necessarily obtained for use in the case" and "disbursements for printing" 28 U.S.C. § 1920. The party seeking to recover costs either under Section 1988 or Section 1920 "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff seeks $10,683.13 in expenses for this action, which is $9,920.39 from LPHS and $762.74 from DEYB, and which deducts $475.44 originally sought for certain airfare and hotel expenses. *See* Pl. Reply at 5; DeCicco Decl. ¶ 2; Krabill Decl. ¶ 13. In support of its motion, Aptive submits detailed invoices broken down by date, amount and description of the charge such as legal research, postage and shipping, photocopying, airfare, transportation, meals and lodging. *See* Pl. Mem. Exs. 2 and 4. This calculation excludes taxable expenses, which Plaintiff seeks in its bill of costs totaling $1,488.48 for the Rule 30(b)(6) deposition transcript and printing and binding for courtesy copies of motions to the Court. *See* Bill of Costs.

Applying the standards outlined above and upon review of the costs sought, the Court concludes that the expenses in the amount of $10,683.13 are excessive and should reduce unrecoverable out-of-state travel, meals and lodging. While the subject matter of the case was complex, numerous Eastern District litigators could have handled this case on behalf of Plaintiff, and as a result, Aptive should not be awarded

costs with respect to their attorneys' travel from Texas to Long Island, where the Court, Defendant and the site of the underlying action are all located. *See Congregation Rabbinical Coll.*, 188 F. Supp. 3d at 345 ("There is no reason why Defendants should incur greater liability simply because Plaintiffs retained out-of-district attorneys."). Accordingly, the Court recommends that Plaintiff's request for costs be reduced by $7,313.10 to account for the nonrecoverable expenses of out-of-state travel, lodging and meals by LPHS, and Plaintiff should instead be awarded $3,370.03 in reasonable costs.

Next, while certain expenses in Aptive's application including legal research, postage, and mailing are not taxable, costs for photocopying, document preparation and local travel by DEYB are taxable under Section 1920 and Local Civil Rule 54.1. Based on the Plaintiff's submission, the remaining non-taxable expenses are $1,471.81 for legal research, postage, FedEx fees, and taxable costs are $1,898.22 for printing, document preparation, photocopying and local travel. Furthermore, the Court concludes that the other expenses submitted in Plaintiff's bill of costs and not included in the Aptive's application, which are for the deposition transcript and courtesy copies totaling $1,488.48, are also taxable under Section 1920 and Local Rule 54.1 and are out-of-pocket costs ordinarily charged to the client. Accordingly, the Court recommends awarding Plaintiff $1,471.81 in non-taxable expenses and $3,386.70 in taxable costs.

## III.    CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's motion for attorneys' fees and costs be granted in part and denied in part, and that it be awarded $166,560.75 in reasonable attorneys' fees, $1,471.81 in reasonable expenses and $3,386.70 in taxable costs.

## IV.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      July 8, 2022                    /s/ Steven I. Locke
                                          STEVEN I. LOCKE
                                          United States Magistrate Judge