UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   For Online Publication Only
APTIVE ENVIRONMENTAL, LLC,

                    Plaintiff,

                                                       **ORDER**
      -against-                                      19-CV-3365 (JMA) (SIL)

VILLAGE OF EAST ROCKAWAY, NEW YORK

                    Defendant.
-----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Presently before the Court is the Report and Recommendation of the Honorable Magistrate Judge Steven I. Locke, dated July 8, 2022 (the "R&R") (ECF No. 81), recommending that the Court grant in part and deny in part Plaintiff's motion for attorneys' fees and costs by awarding $166,560.75 in fees, $1,471.81 in expenses and $3,386.70 in taxable costs.  Defendant filed objections pursuant to Federal Rule of Civil Procedure 72 on July 19, 2022, ("Def. Obj.") (ECF No. 82), to which Plaintiff responded on August 2, 2022, (ECF No. 83.)  For the reasons stated below, Plaintiff's objections are overruled and the R&R is adopted in full.  Plaintiff's motion for attorneys' fees and costs is granted and denied in part.

## BACKGROUND

       As no party objects to Judge Locke's recitation of facts, the Court adopts them in full. Briefly, Plaintiff, a pest control service which solicits business by going door-to-door, challenged three provisions in Defendant's Village Code, which set a 5:00 p.m. solicitation curfew, demanded solicitors post a $2,500 bond, and charged a $20 fee for an annual solicitor license.  Plaintiff's suit was initially before the late Honorable Sandra J. Feuerstein, who issued a preliminary injunction against enforcement of the provisions.  Defendant then amended their code, replacing the provisions with a $200 solicitor license fee requirement.  On summary judgment, Judge Feuerstein

1

found this requirement unconstitutional and permanently enjoined its enforcement. After the Second Circuit upheld Judge Feuerstein's opinion on appeal, Plaintiff moved for attorneys' fees and costs pursuant to 42 U.S.C. § 1988. The case was reassigned to the Honorable Denis R. Hurley, who referred the motion to Judge Locke. Shortly after Judge Locke issued his R&R, the case was reassigned to the undersigned.

## LEGAL STANDARD

The Second Circuit has held, albeit in a nonbinding summary opinion, that "[a]ttorneys' fee determinations are considered 'dispositive' for purposes of Rule 72 of the Federal Rules of Civil Procedure." McConnell v. ABC-Amega, Inc., 338 Fed. App'x 24, 26 (2d Cir. 2009) (citing Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008)). Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b).

## DISCUSSION

Defendant raises two objection: (1) Plaintiff is not a "prevailing party" under 42 U.S.C. 1988, and (2) Plaintiff's fees are not reasonable.

Before addressing the merits, the Court would be remiss in failing to mention that Defendant's Objection's argument is, except as to a handful of sentences, a word-for-word copy of his opposition brief. This warrants reviewing the R&R for "clear error." Hollaway v. Colvin, 2016 WL 1275658, at *1 (S.D.N.Y. Mar. 31, 2016) ("Clear error review is especially appropriate where the objections are merely copied verbatim from the objecting party's earlier briefing."). The

2

Court finds no clear error, as even a de novo review would lead the Court to adopt the R&R in full.

**1. Plaintiff is a "prevailing party" under 42 U.S.C. § 1988.**

Defendant first objects that Plaintiff is not a "prevailing party," a statutory predicate to an attorney's fee award under 42 U.S.C. § 1988. Defendant highlights the fact that Plaintiff's "claim for monetary damages was dismissed" and that the granted "declaratory and injunctive judgment" does not reflect "'significant equitable relief' or the securing of some social benefit." (Def. Obj. at 9.)

"A plaintiff 'prevails,' [the Supreme Court] ha[s] held, 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Lefemine v. Wideman, 568 U.S. 1, 4 (2012) (quoting Farrar v. Hobby, 506 U.S. 103, 111–12 (1992)). As decisive here, the Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." (Id.)

Defendant heavily relies on Farrar v. Hobby to say Plaintiff's win did not materially alter their relationship. Such reliance is misplaced. The Farrar Court expressly held "that a plaintiff who wins nominal damages is a prevailing party under § 1988" because "'the degree of the plaintiff's success' does not affect 'eligibility for a fee award.'" 506 U.S. at 112, 114 (quoting Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989)). Nonetheless, eligibility does not guaranty entitlement. Id. at 115 ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all."). The Farrars were not entitled to an award, the Supreme Court held, because they won "nominal damages instead of the $17 million in compensatory damages that they sought." (Id.) As "recovery of private damages [was] the purpose" of the Farrars' suit—their amended complaint had "dropped the claim for

injunctive relief" previously asserted—the "district court, in fixing fees, [was] obligated to give primary consideration to the amount of damages awarded as compared to the amount sought," such that "the only reasonable fee" for winning only nominal damages was "no fee at all." Id. at 106, 114–15 (quoting Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)). The key distinction here, however, is that private damages is not the "purpose" of Plaintiff's suit. Rather Plaintiff's purpose—having voluntary dismissed its claim for damages—was to obtain a declaratory judgment and an injunction, which it did. See R&R at 8 ("While Plaintiff voluntarily withdrew its claim for damages, . . . [Plaintiff] still achieved its main objective in this litigation . . . as anyone in the Village, including Plaintiff, can now engage in door-to-door solicitation without an unconstitutional curfew, bond, ban or fee."). Monetary recovery is not a "reasonable measure of [Plaintiff's] success" in this action. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998).

A more apt case is Lefemine v. Wideman, 568 U.S. 1 (2012) (per curiam). In his § 1983 complaint, Lefemine alleged "free speech, peaceable assembly, and the free exercise of religion" violations and sought "damages, injunctive and declaratory relief"; the district court, on summary judgment, decided in Lefemine's favor on each of the three claims, entered an injunction against the defendant, but "refused Lefemine's request for nominal damages" on qualified immunity grounds. Lefemine v. Davis, 732 F. Supp. 2d 614, 620 (D.S.C. 2010), aff'd sub nom. Lefemine v. Wideman, 672 F.3d 292 (4th Cir. 2012), cert. granted, judgment vacated, 568 U.S. 1, 3 (2012). The district court thereafter denied Lefemine's motion for attorney's fees under § 1988, and the Fourth Circuit affirmed, holding he was not the prevailing party because the injunction awarded "did not 'alter the relative positions of the parties'" by merely prohibiting unlawful conduct and ordering compliance with the law. 568 U.S. at 4 (quoting the Fourth Circuit opinion). The

Supreme Court vacated the Fourth Circuit's affirmance: such relief—"as in the usual case involving such an injunction"—"worked the requisite material alteration in the parties' relationship." Id. at 4–5. "Before the ruling, the police intended to stop Lefemine from protesting with his signs; after the ruling, the police could not prevent him from demonstrating in that manner." Id.

Here, Judge Feuerstein's injunction likewise materially altered Plaintiff and Defendant's relationship.  At the beginning of the suit, all solicitors, including Plaintiff, had to comply with Defendant's 5:00 p.m. curfew, post a $2,500 bond, and pay $20 fee for an annual solicitor license. R&R at 3.  During the suit, Judge Feuerstein entered a preliminary injunction barring Defendant from enforcing such requirements, and "[a]s a result, [Defendant] revised its Code to remove" the requirements and "added a $200 fee for solicitor licenses." Id. at 3–4.  At the summary judgment stage, Judge Feuerstein declared that the $200 solicitation license fee requirement "violated Plaintiff's First Amendment rights" and "permanently enjoined" Defendant from enforcing it. *Id.* at 4–5.  This relief has a parallel effect to that granted in Lefemine: before the suit, Defendant mandated that Plaintiff solicit in a manner consistent with its ordinances; after the suit, Defendant could not prevent Plaintiff from soliciting despite non-compliance.  Plaintiff is therefore a prevailing party under § 1988.  Accordingly, Defendant's first objection is overruled.

**2. Plaintiff's fees are reasonable.**

Defendant's second objection questions the reasonableness of Plaintiff's billing rate, number of hours, travel costs, and decision to pay its counsel's invoices.

Defendant first attacks Plaintiff's counsel's billing rate, which "rang[es] from $200 to $600 per hour," as excessive in comparison to his own counsel's "$150 per hour" rate.[1]  (Def. Obj. at

---

[1]    No evidence substantiates Defendant's assertion, in contrast to Plaintiff's evidence concerning its counsel's rate.  (See ECF No. 75).

5

11–12.)  None of Defendant's points address the bases for the rates Judge Locke approved, e.g., "the complexity of the case, the attorneys' experience litigating similar matters, zealous litigation of this matter from both sides, successful results by Plaintiff at every stage of litigation, and the fact that [Plaintiff] has been a longstanding client of the firms for over five years," as well as the fact that these rates matched those charged in the community where the district court sits, i.e., the Eastern District of New York.  (R&R at 10, 12.)  The Court agrees with Judge Locke's analysis of the factors.  As to its last point, Defendant has not supplied a case in which a court considered the rates charged by counsel for the party opposing fees in assessing the reasonableness of the rate sought by the party seeking fees.

Defendant's challenge to the numbers of hours spent likewise falls short for the same reason: Defendant does not address the reasoning behind Judge Locke's detailed analysis.  Its gripe with "redundant billing for the same event" and conferences "attended by multiple attorneys" was addressed by Judge Locke.  (Def. Obj. at 12.)  He found such conduct reasonable for a multitude of reasons, including "complexity of the subject matter and multiple rounds of motion practice, including an appeal to the Second Circuit" as well as the fact that "the majority of the hours billed were by associates and paralegals with modest supervision from the partners."  (R&R at 15.)  The Court's de novo review of the record leads it to reach the same conclusion – that the number of hours approved by Judge Locke is a reasonable figure.

To the extent Defendant seeks to questions the fee award by highlighting Plaintiff's airfare, hotel, and other travel expenses, the Court is not persuaded.  Judge Locke specifically noted Plaintiff "withdrew on reply" certain of these expenses, (R&R at 6 n.2, 19); and Defendant admits the same in its objection, (Def. Obj. at 12) ("[A]lthough subsequently omitted from the application . . . ").  Defendant also ignores Judge Locke's judicious $7,313.10 reduction of

6

"nonrecoverable expenses of out-of-state travel, lodging and meals" submitted by Defendant's Texas counsel.  (Id. at 19–20.)

Defendant ends by questioning Plaintiff's "business decision" to pay its counsel's $200,000 fee when it could have simply purchased one thousand $200 solicitation licenses and gone about its business.  (See Def. Obj. at 12, "One would have to question seriously the reasonableness of a business decision to expend nearly $200,000 on attorneys . . . .  At that price, [Plaintiff] could have obtained 1,000 solicitation licenses from the [Defendant].").  The point is misguided.  Defendant fails to take ownership of the fact that its solicitation fee requirement is unconstitutional.  As between consenting to having its constitutional rights violated one-thousand times and vindicating, successfully, those rights in court, Plaintiff made the right choice.  Accordingly, Defendant's second objection is overruled.[2]

## CONCLUSION

For the reasons discussed above, Defendant's objections are overruled and Judge Locke's R&R is adopted in full.  Plaintiff's motion for attorney's fees is granted in part and denied in part.  Plaintiff is awarded $166,560.75 in attorneys' fees, $1,471.81 in expenses and $3,386.70 in taxable costs – for a total of $171 419.26. The Clerk of the Court is directed to enter judgement in

**SO ORDERED.**

Dated: Central Islip, New York  
      September 20, 2022

           /s/ (JMA)  
      Joan M. Azrack  
      United States District Judge

---

[2] Because the Court finds a fee award appropriate, it need not consider Defendant's argument that, where a fee award is unwarranted, there can also be no "fee on fee" award.  (Def. Obj. at 13.)